UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT

# 05 - 30047 -KPN

CARL AUGSBERGER,
Plaintiff

v.

UNUMPROVIDENT CORP.,
Defendant

**FILING FEE PAID:**
RECEIPT # _305856_
AMOUNT $ _250.00_
BY DPTY CLK _WLh_
DATE _2/10/05_

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441 and 1446, the defendant, UnumProvident Corporation (UnumProvident"), removes this action to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

1.     On or about December 15, 2004, the plaintiff, Carl Augsberger filed this action in the Hampden Superior Court, Civil Action No. 04-01197.

2.     On or about January 12, 2005, Mr. Augsberger served a Summons and Complaint on UnumProvident through CT Corporation System in Boston, Massachusetts. UnumProvident received the Summons and Complaint on January 14, 2005. (A true copy of the Summons and Complaint served are attached as Exhibit A).

3.     Accordingly, this notice of removal is being filed within the time period required by law, 28 U.S.C. §1446(b).

4.     The plaintiff, Mr. Augsberger is a resident of Massachusetts. (Complaint ¶1). The named defendant, UnumProvident, is corporation organized under the laws of the State of Delaware with a principal place of business in Chattanooga, Tennessee.

5.    Although the plaintiff has named UnumProvident as the defendant, the plaintiff's disability contract is with New York Life Insurance Company ("New York Life"), which is a corporation organized under the laws of the State of New York with a principal place of business in the State of New York. (Complaint ¶3). It is New York Life that is the true party in interest as a defendant.

6.    In his Complaint, the plaintiff seeks disability benefits pursuant to the New York Life policy, which pays a base indemnity amount of $5,000.00 in total disability benefits on a monthly basis. (Complaint ¶4). The plaintiff's disability policy with New York Life also contains a provision by which the plaintiff, should he prove to be disabled under the terms of that policy, would also be entitled to a cost of living adjustment of up to five percent annually which would be added to the base indemnity amount. The plaintiff claims that UnumProvident failed to pay total disability benefits to Mr. Augsberger from July 11, 2000 to the present. (Complaint ¶¶26-32). Thus, the plaintiff's claim for total disability benefits seeks, as of the date the plaintiff's complaint was filed, more than $265,000 in allegedly past due benefits. ($265,000 would be the base indemnity amount at issue to which the annual cost of living increase would apply as detailed in the policy.) While UnumProvident denies any liability for the claims asserted by the plaintiff, the amount of the matter in controversy well exceeds $75,000.00.

7.    In addition, the plaintiff has alleged that, in denying his claim for benefits, UnumProvident acted in an unfair and deceptive manner in violation of M.G.L. c. 93A and c. 176D. (Complaint, Count I ¶¶41-42). Although not specifically stated in his Complaint, recovery under M.G.L. c. 93A and c. 176D would entitle the plaintiff to double or treble damages. Treble damages are a form of punitive damages and "[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in

determining the jurisdictional amount." <u>F.C.I. Realty Trust v. Aetna Casualty and Surety</u>

<u>Company</u>, 906 F. Supp. 30, 32 n.1 (D. Mass. 1995), *citing* <u>Bell v. Preferred Life Society</u>, 320

U.S. 238, 240 (1943).

8.    Therefore, as set forth in the Complaint and as detailed in paragraphs six and

seven above, the plaintiff seeks contract benefits in an amount that exceeds $265,000 and further

requests that such damages be trebled.  Pursuant to <u>Bell v. Preferred Life Society</u> and <u>F.C.I.</u>

<u>Realty Trust v. Aetna Casualty and Surety Company</u>, both of which are cited in paragraph seven

above, such treble damages must be considered in determining the jurisdictional amount for

diversity jurisdiction pursuant to 28. U.S.C. §1332.

9.    Because the amount in controversy in this case exceeds the sum or value of

$75,000.00 and is between citizens of different states, as set forth in 28 U.S.C. §1332, this case is

subject to removal under 28 U.S.C. §1441(a).

<div style="margin-left: 40%;">

UNUMPROVIDENT CORPORATION

By its attorneys,

_Joseph M. Hamilton_
Joseph M. Hamilton
BBO #546394
Kristina H. Allaire
BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

</div>

Dated:  2/9/05

CERTIFICATE OF SERVICE

I, Joseph M. Hamilton, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Thomas A. Kenefick, III, Esq., 73 Chestnut Street, Springfield, MA 01103.

Joseph M. Hamilton

Dated:

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT – EQUITABLE RELIEF – OTHER

RECEIVED
JAN 14 2005
LAW DEPT.

# COMMONWEALTH OF MASSACHUSETTS

CTK JAN 18 2005

**HAMPDEN, ss.**

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO: 04 - 01197

Carl Augsberger                                    , PLAINTIFF(S)

V.

**SUMMONS**

Unum Provident Corp                          , DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon

Thomas A. Kenefick III
73 Chestnut St. Springfield MA 01103         , plaintiff's attorney, whose address is
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _____ day of _____ in the year of our Lord two thousand four.

*Marie G. Mazza*

Clerk / Magistrate

1/12/05

**NOTES:**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

*NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.*

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2004 , I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____
_____
_____
_____
_____

Dated:_____, 2004

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

(_____)
(_____, 2004 )
(_____)

RECEIVED

JAN 14 2005

LAW DEPT.

CTK JAN 13 2005

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04-01197

|  |  |  |
|---|---|---|
| CARL AUGSBERGER, | ) | |
| Plaintiff | ) | COMPLAINT AND |
| vs. | ) | JURY DEMAND |
| | ) | |
| UNUM PROVIDENT CORP. | ) | |
| Defendant | ) | |

## Introduction

Plaintiff brings this civil action seeking damages, inter alia, for failure to affirm or deny insurance coverage within a reasonable time, and failure to reach a prompt settlement once liability had become reasonably clear. As a result of injuries suffered, Plaintiff brings the following claims against the Defendant: M.G.L. c. 93A, §9, and Breach of Contract.

## Parties

1.    Plaintiff, Carl Augsberger is an individual who resides at 82 Maple Street, West Springfield, Massachusetts 01089.

2.    Defendant Unum Provident Corporation ("Unum"), is a corporation duly organized by law with a principal place of business in Chattanooga, Tennessee

## Facts

3.    The Plaintiff and New York Life[1] entered into a contract for disability income insurance on August 14, 1991. Pertinent and material provisions include the following:

---

[1] The management of the Plaintiff's insurance program under New York Life was subsequently transferred to Unum. The transaction did not affect the material terms of the insurance contract with

Unrestricted Own Occupation, Cost of Living Benefit, Residual Disability, Primary Automatic Benefit Increase, and Waiver of Premium Benefit.

4.      For these provisions, and indeed, for the insurance coverage generally, the Plaintiff paid a premium of $2,473.00 per year.  In return, Unum promised to provide to The Plaintiff monthly benefits in the event of a total disability of $5,000.00.

5.      Also, in the event that the Plaintiff, due to a disability, could not realize the monthly income he had earned when he was not disabled, Unum would provide a residual benefit to supplement the Plaintiff's monthly income to bring the total up to $5,000.00.

6.      In April, 1997, the Plaintiff submitted a claim for disability.  At that time, he was undergoing essentially a nervous breakdown related to his job.  He was suffering from several ailments including but not limited to depression and anxiety disorder.

7.      Soon after he submitted his claim, New York Life requested that he provide certain information to process his claim.  These items included a supplemental claim form, 1996 and 1997 tax forms, copies of fax filing extensions, information on the workers compensation claim and copies of any related documents, an explanation of the BuSpar medication the Plaintiff was taking and information on the prescribing physician, a supplemental claim form from the Plaintiff's physician, information regarding whether he had received any salary continuation benefits, and specific dates.

8.     Approximately seven months later, the Plaintiff received yet another request for information. This request was for information regarding the last date he worked; a detailed and lengthy form for him to complete entitled "Description of Occupation"; a request for an explanation of why the Plaintiff "waited" seven months to file his claim instead of the specified 30 days in the policy; complete copies of tax returns for 1990, 1991 and 1996 including schedules and attachments, W-2's and 1099's; a copy of the workers compensation application for benefits; a supplemental claim form from the Plaintiff; and a supplemental claim from his physician.

9.     The Plaintiff forwarded the requested information within one month.

10.     Approximately one month later, New York Life again submitted a detailed list of items it was requesting in order to process the Plaintiff's claim. This list included a request for medical records from the Plaintiff's treating physician, Dr. Kevin Schmidt, along with an evaluation form; an evaluation form from the Plaintiff's psychologist, Dr. Mark Elin; additional information from his then employer, Penske Truck Leasing; a copy of the workers compensation decision; supplemental claim form from Dr. Schmidt; and copies of the Plaintiff's 1996 and 1997 tax forms.

11.     Within one month the Plaintiff provided the requested information.

12.     Almost one year after the Plaintiff had first submitted his claim, New York Life, apparently still processing his request for benefits, sent a third request for information in March, 1998. This time, New York Life sought medical records from Dr. Elin; medical records from Dr. Schmidt; a copy of the workers compensation denial of benefits letter; and a supplemental claim form from Dr. Schmidt. New York Life also informed the Plaintiff that it would have a consulting psychologist review his claim after it had received the foregoing.

13.     After waiting almost one year, the Plaintiff received the news that New York Life would pay benefits from April 14, 1997 through January 10, 1998 (less the 180 day waiting period.)

14.     However, regarding benefits for subsequent months, New York Life was requesting additional information, including the Plaintiff's medical records in connection with his treatment with Dr. Schmidt from the time he first saw Dr. Schmidt. These records predated the Plaintiff's claim of April, 1997.

15.     A month later, New York Life again requested this information. After not receiving such information again in June, 1998, New York Life closed the claim in August, 1998.

16.     The claim was reopened. New York Life submitted yet another substantial request for information including, but not limited to, a completed Form 1 from the

Plaintiff; completed Form 2 from Dr. Schmidt; tax returns for 1998 including all schedules and attachments; and a detailed narrative of the Plaintiff home and work life since January 1998.

17.    On March 28, 2000, the Plaintiff submitted the "Insured's Supplementary Statement of Claim" form.

18.    New York Life followed up its request in August 2000, wherein it requested the following to reopen the Plaintiff's claim: a complete and detailed reply to its letter dated October 15, 1998; a statement regarding the Plaintiff's salary continuation benefits; a status report on the appeal of the workers compensation denial; copies of the tax returns for 1996, 1997, 1998 and 1999; the name, address and phone number of the physician who prescribed the BuSpar; Form 1 from the Plaintiff; Form 2 from each physician; a detailed account of any work performed by the Plaintiff; a completed Description of Occupation" form; a detailed narrative of the Plaintiff's life since January 1998; and Dr. Schmidt's entire medical file regarding the Plaintiff.

19.    In September 2000, Unum sent another letter requesting the Plaintiff's response to New York Life's letter of August 2000. The Plaintiff replied and provided the information.

20.    Despite this, Unum again requested additional information in a letter dated October 4, 2000. It now wanted the following: copies of Schedule C and personal tax

returns; updated medical records from Dr. Schmidt and any other doctor the Plaintiff had seen since 1997; since Dr. Schmidt had indicated that the Plaintiff was completely disabled from October 3, 1998 to October 4, 2000, Unum also requested monthly profit and loss statements from October 1, 1998 through October 4, 2000; a status report on the appeal of the workers compensation denial; complete copies of business and personal tax returns for 1999 including all schedules and attachments; the name of the physician who prescribed BuSpar; a completed "Daily Activities" form; and continuing monthly progress reports. Additionally, Unum expressed that it could not understand the reasons for why the Plaintiff could not return to work in a full time capacity in his occupation.

21.    In January 2001, Unum also wrote directly to Dr. Schmidt requesting medical records and Psychiatric Assessment Forms.

22.    In response to a March 2001 visit by Unum field representative, Robert Murphy, the Plaintiff forwarded (within two days) information regarding all medications he was taking for treatment.

23.    On March 29, 2001, Unum received by certified mail, a completed "Psychiatric Assessment Form", in which Dr. Schmidt unequivocally stated the Plaintiff's latest visit with him was March 28, 2001; that the Plaintiff continued to suffer from clinical depression and generalized anxiety disorder; and that he was being treated with Wellbutrin, BusSpar, among other prescription medications. Dr. Schmidt stated that the Plaintiff would be unable to return to the high-stress corporate atmosphere of his job,

indefinitely; and that the Plaintiff's condition continued to disable him from his previous type of employment and income level. [See Dr. Schmidt's evaluation, attached hereto as Exhibit A.]

24.    On April 18, 2001, Unum informed the Plaintiff that it had given Dr. Schmidt's letters to its in-house psychiatric consultant for review. Additionally, Unum requested from the Plaintiff an updated progress report, along with an updated progress report from the Plaintiff's physician, and all information requested in its letter dated October 4, 2000.

25.    Later that month, Unum again sent a letter seeking more treatment notes from Dr. Schmidt. On April 26, 2001, Dr. Schmidt forwarded the requested information.

26.    On May 2, 2001, Unum paid benefits for January 11, 1998 through June 11, 2000.

27.    On June 12, 2001, Unum requested updated medical forms from Dr. Schmidt and Dr. Elin, and sought a progress report from the Plaintiff and Dr. Schmidt, respectively.

28.    On or around June 13, 2001, Dr. Schmidt submitted an "Attending Physician's Statement" which stated that the Plaintiff would probably never be able to work without restriction. [See Exhibit B attached hereto.]

29.    On June 20, 2001, the Plaintiff submitted yet another progress report to Unum.

30.    Unum requested more information in its letter dated July 6, 2001. Specifically, it sought more medical documentation from Drs. Schmidt and Elin, monthly progress reports from both the Plaintiff and Dr. Schmidt; and both business and personal tax returns for 2000.

31.    Unum followed up this request a little more than one month later and stated that Drs. Schmidt and Elin had not responded to its request for information, and again requested the 2000 business and tax returns.

32.    Finally, on September 25, 2001, Unum informed the Plaintiff that it was rejecting his claim for either total or residual disability. This rejection was ostensibly based upon its determination, despite the recent reports from Dr. Schmidt, that Unum's "in-house psychiatric consultant" reviewed the Plaintiff's file and Unum determined that that "there does not appear to be sufficient documentation that would limit or restrict your ability to perform the duties of your occupation on a full-time basis."

33.    Moreover, in support of its denial, Unum referenced a stale (dated February 15, 1998) evaluation report by Dr. Elin indicating that the Plaintiff could perform all his occupational duties, just not "at Penske." Unum apparently ignored the more recent reports by Dr. Schmidt which steadfastly maintained that the Plaintiff remained disabled from his former occupation and which indicated that the Plaintiff continued to treat under Dr. Schmidt's care (with regular visits) regarding his disability.

34.    Unum's reliance on Dr. Elin's evaluation, and disregard of Dr. Schmidt's more recent evaluations was even more surprising to the Plaintiff, especially because earlier, in a correspondence dated March 11, 1998, Unum had indicated that Dr. Schmidt was the physician certifying the Plaintiff's disability.

35.    The Plaintiff proceeded to request his entire file at Unum. On May 30, 2002, Unum responded by producing selected documents, but not the entire file. The Plaintiff again requested that Unum reopen his claim.

36.    On December 13, 2002, Unum requested more information. This time, the list included requests for copies of medical records from Dr. Schmidt from March 27, 2001 to the present; medical records from Dr. Elin; the name of the physician the Plaintiff had consulted in November, 2002; copies of both business and personal tax returns for 2000 and 2001; monthly profit and loss statements for the entire year of 2002; and another completed claim form.

37.    On February 14, 2003, Unum notified the Plaintiff that it was rejecting his claim for residual disability. This rejection was apparently based in an improved diagnosis of the Plaintiff's adjustment disorder, despite Dr. Schmidt's reports that the Plaintiff continues to suffer from clinical depression and generalized anxiety disorder. The letter informed the Plaintiff that if he did not submit an appeal within 90 days, Unum's decision would be final.

9

38.    On May 13, 2003, the Plaintiff sent a written appeal to Unum.

39.    On December 19, 2003, Unum rejected the Plaintiff's appeal.  This rejection was also based on in-house psychiatric and physician's reports contrary to the evaluations done by Drs. Elin and Schmidt.

40.    On August ___, 2004 the Plaintiff sent a demand letter in accordance with M.G.L. c. 93A, §9(3) to the Defendant.  [Attached as Exhibit C]

## COUNT 1

### (M.G.L. c.93A)

41.    Plaintiff Carl Augsberger realleges Paragraphs 1 through 39 supra., and incorporates the same by reference as if originally stated herein.

42.    Defendant Unum Provident Corp.'s use of improper insurance claim settlement practices including, inter alia: failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; refusing to pay claims without conducting a reasonable investigation based upon all available information; failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; compelling insureds to institute litigation to recover amounts due under an

insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application; constitute a violation of M.G.L. c. 176D, and are therefore a violation of M.G.L. c. 93A.

## COUNT II

### (Breach of Contract)

43.    Plaintiff Carl Augsberger realleges Paragraphs 1 through 39 supra., and incorporates the same by reference as if originally stated herein.

44.    The Plaintiff and the Defendant entered into a contract, and the Plaintiff paid the Defendant for disability insurance coverage.  The Defendant then breached this contract in refusing to pay the Plaintiff disability insurance compensation.

### Prayer for Relief

45.    Based on the foregoing, the Plaintiff prays this Court to:

a.    Award Plaintiff the compensation due under his insurance contract with the Defendant;

b.    Award Plaintiff his attorney fees and costs of litigation;

c.    Grant such other relief as is just and equitable.

11

## Jury Demand

The Plaintiff hereby demands a trial by Jury upon all issues raised here.

THE PLAINTIFF
BY HIS ATTORNEY

THOMAS A. KENEFICK, III, ESQ.
73 Chestnut Street
Springfield, MA 01103
(413) 734-7000
(413) 731-1302 – Fax
BBO# 267620

Date: 12/15/04

12

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Carl Augsberger

## DEFENDANTS

UnumProvident Corporation

05 - 30047 - KPN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Tennessee
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas A. Kenefick, III
73 Chestnut Street
Springfield, MA 01103
(413) 737-7000

ATTORNEYS (IF KNOWN)
Joseph M. Hamilton
Mirick O'Connell DeMallie & Lougee
100 Front Street
Worcester, MA 01608
(508) 791-8500

## II. BASIS OF JURISDICTION    (PLACE AN 'X' IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

□ 2 U.S. Government Defendant

□ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 3 | □ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury — Med. Malpractice | □ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability | | □ 625 Drug Related Seizure of Property 21 USC 881 | | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 365 Personal Injury — Product Liability | □ 630 Liquor Laws | | □ 450 Commerce/ICC Rates/etc. |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability | □ 368 Asbestos Personal Injury Product Liability | □ 640 R.R. & Truck | **PROPERTY RIGHTS** | □ 460 Deportation |
| □ 151 Medicare Act | | | □ 650 Airline Regs. | □ 820 Copyrights | □ 470 Racketeer Influence and Corrupt Organizations |
| □ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 340 Marine | **PERSONAL PROPERTY** | □ 660 Occupational Safety/Health | □ 830 Patent | □ 810 Selective Service |
| | □ 345 Marine Product Liability | □ 370 Other Fraud | □ 690 Other | □ 840 Trademark | □ 850 Securities/Commodities/ Exchange |
| □ 153 Recovery of Overpayment of Veteran's Benefits | □ 350 Motor Vehicle | □ 371 Truth in Lending | | | □ 875 Customer Challenge 12 USC 3410 |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle Product Liability | □ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | □ 891 Agricultural Acts |
| □ 190 Other Contract | □ 360 Other Personal Injury | □ 385 Property Damage Product Liability | □ 710 Fair Labor Standards Act | □ 861 HIA (1395ff) | □ 892 Economic Stabilization Act |
| □ 195 Contract Product Liability | | | □ 720 Labor/Mgmt. Relations | □ 862 Black Lung (923) | □ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | □ 863 DIWC/DIWW (405(g)) | □ 894 Energy Allocation Act |
| | | | | □ 864 SSID Title XVI | □ 895 Freedom of Information Act |
| □ 210 Land Condemnation | □ 441 Voting | □ 510 Motions to Vacate Sentence | □ 730 Labor/Mgmt. Reporting & Disclosure Act | □ 865 RSI (405(g)) | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 220 Foreclosure | □ 442 Employment | **HABEAS CORPUS:** | □ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/ Accommodations | □ 530 General | | | □ 950 Constitutionality of State Statutes |
| □ 240 Torts to Land | □ 444 Welfare | □ 535 Death Penalty | □ 790 Other Labor Litigation | □ 870 Taxes (U.S. Plaintiff or Defendant) | □ 890 Other Statutory Actions |
| □ 245 Tort Product Liability | □ 440 Other Civil Rights | □ 540 Mandamus & Other | | □ 871 IRS — Third Party 26 USC 7609 | |
| □ 290 All Other Real Property | | □ 550 Civil Rights | □ 791 Empl. Ret. Inc. Security Act | | |
| | | □ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

□ 1 Original Proceeding

☒ 2 Removed from State Court

□ 3 Remanded from Appellate Court

□ 4 Reinstated or Reopened

□ 5 Transferred from another district (specify)

□ 6 Multidistrict Litigation

□ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Breach of contract and M.G.L. c.93A and 176D removed pursuant to 28 U.S.C. section 1441.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
□ UNDER F.R.C.P. 23

DEMAND $ 240,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ YES    □ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE
2/9/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____

# 05 - 30047 - KPN

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____
   Carl Augsberber v. Unum Provident Corp.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST
   ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

   ___    I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

   ___    II.    195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720,730,
                 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   XX     III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ___    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

   ___    V.     150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN
   FILED IN THIS COURT?    NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS
   AFFECTING THE PUBLIC INTEREST?    NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES
   PURSUANT TO TITLE 28 USC 2284?    NO

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF
   MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ____ OR IN THE WESTERN
   SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D))
   YES ____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN
   SECTIONS OF THE DISTRICT?  YES    YES

   (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?    Western

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  Western

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY
    GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE
    IN THE CENTRAL SECTION_____OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Joseph M. Hamilton

ADDRESS  100 Front Street, Worcester, MA 01608

TELEPHONE NO. (508) 791-8500

(COVER SHT-08/90)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS—44

## Authority For Civil Cover Sheet

The JS—44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) **Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P. which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS—44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS—44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.