UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CARL AUGSBERGER,
    Plaintiff

V.

UNUM PROVIDENT CORP.,
    Defendant

CIVIL ACTION NO. 05CV30047-MAP

## ANSWER

The paragraph of the Complaint labeled Introduction is a narrative which does not require a response. However, to the extent such a response it required, the defendant, UnumProvident Corporation ("UnumProvident"), denies the factual allegations. Further answering, UnumProvident states that the plaintiff's policy is and always has been with New York Life Insurance Company, and UnumProvident is not a proper party to this action.

1.    The defendant admits that the plaintiff is an individual, but is without sufficient information to admit or deny the remaining allegations of paragraph 1.

2.    The defendant admits the allegations of paragraph 2.

3.    The defendant admits that the New York Life Insurance Company ("New York Life") issued Disability Income Policy No. H3192623 (the "Policy") to the plaintiff with a date of issue of August 14, 1991. The Policy is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 3, including the footnote to that paragraph.

4.    The defendant admits that the plaintiff has paid the premium required under the terms of the Policy. The Policy is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 4.

5. The Policy is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 5.

6. The defendant admits that the plaintiff submitted a claim for disability benefits. The defendant denies the remaining allegations of paragraph 6.

7. The defendant admits that New York Life, by letters, from time to time requested information from the plaintiff and his healthcare providers in connection with its review of the plaintiff's claim for disability benefits. Those requests were made in writing and speak for themselves as to their terms. The defendant denies the remaining allegations of paragraph 7.

8. The defendant admits that by letter dated November 13, 1997, New York Life requested certain information from the plaintiff regarding the disability claim he filed in October 1997. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 8.

9. The defendant denies the allegations of paragraph 9. Further answering, the defendant states that New York Life wrote to the plaintiff again on December 16, 1997 requesting a response to its November 13, 1997 letter.

10. The defendant admits that on January 30, 1998, based upon new information provided by the plaintiff, New York Life made an additional written request for information. That letter is a written document which speaks for itself as to its terms.

11. The defendant admits that within one month of New York Life's letter dated January 30, 1998, the plaintiff provided some information to New York Life. The defendant denies the remaining allegations of paragraph 11.

12. The defendant admits that by letter dated March 11, 1998, approximately five months after receipt of the plaintiff's claim, and subsequent to receipt of the plaintiff's letter dated February 23, 1998, New York Life advised the plaintiff that it was still awaiting receipt of the plaintiff's medical records from his healthcare providers and requested a copy of the workers

compensation denial of benefits letter referred to by the plaintiff in his letter of February 23, 1998. Further answering, the defendant states that New York Life's letter dated March 11, 1998 speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 12.

13. The defendant admits that by letter dated April 15, 1998, approximately six months after receiving the plaintiff's claim for benefits, New York Life made a good faith payment for the period of April 14, 1997 through January 10, 1998. The defendant denies the remaining allegations of paragraph 13.

14. The defendant admits that by letter dated April 15, 1998, New York Life, with its good faith payment of benefits, outlined its position to the plaintiff regarding his disability claim. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 14.

15. The defendant admits that New York Life, having received no response to its April 15, 1998 letter, again wrote to the plaintiff by letter dated May 29, 1998 requesting a response to its letters dated April 10, 1998 and April 15, 1998, and requesting a response within thirty days. The defendant also admits that New York Life wrote to the plaintiff on June 24, 1998, again seeking a response to its letters. The defendant further admits that by letter dated August 25, 1998, New York Life again wrote to the plaintiff regarding the letters it sent to the plaintiff dated April 15, 1998 and June 24, 1998, and having received no response from the plaintiff, it was considering his claim file to be closed. The defendant states that these letters are written documents that speak for themselves as to their terms. The defendant denies the remaining allegations of paragraph 15.

16. The defendant admits that by letter dated August 6, 1999, New York Life wrote to the plaintiff, in response to a request from the plaintiff's agent, Richard Greene, that the plaintiff wished to reopen his claim. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 16.

17. The defendant denies the allegations of paragraph 17.

18. The defendant admits that in response to a request from the plaintiff, made through his wife in July 2000, to reopen the claim, New York Life, by letter dated August 1, 2000, provided the plaintiff with the information needed by New York Life to address the claim. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 18.

19. The defendant admits that by letter dated September 12, 2000, New York Life wrote to the plaintiff, noting that no response had been received to its letter dated August 1, 2000. That letter is a written document which speaks for itself as to its terms. The defendant admits that by letter dated September 18, 2000, the plaintiff, through his agent, provided some of the information requested by New York Life. The defendant denies the remaining allegations of paragraph 19.

20. The defendant admits that by letter dated October 4, 2000, New York Life informed the plaintiff that he had still not provided the information previously requested, and that based on the information provided with the letter dated September 18, 2000 additional information would be required to address his claim. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 20.

21. The defendant admits that by letter dated January 17, 2001, New York Life requested the plaintiff's medical records from Dr. Schmidt. That letter is a written documents which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 21.

22. The defendant admits that in response to a March 2001 visit by Robert Murphy, on behalf of New York Life, the plaintiff faxed information regarding his medication to Mr. Murphy. The defendant denies the remaining allegations of paragraph 22.

23. The defendant admits that it received a Psychiatric Assessment Form from Dr. Schmidt dated March 28, 2001. That form is a written document which speaks for itself as to its terms. The defendant is without sufficient information to admit or deny the specific date the Psychiatric Assessment Form was received. The defendant denies the remaining allegations of paragraph 23.

24. The defendant admits that by letter dated April 18, 2001, New York Life wrote to the plaintiff. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 24.

25. The defendant admits that by letter dated April 20, 2001, New York Life requested the plaintiff's treatment notes from April 2000 to the present from Dr. Schmidt. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 25.

26. The defendant admits that by letter dated May 2, 2001, New York Life issued total disability benefits for the period of January 11, 1998 to June 11, 2000. The defendant denies the remaining allegations of paragraph 26.

27. The defendant admits that by letter dated June 12, 2001, New York Life wrote to the plaintiff that it had not received an updated Progress Report or updated medical documentation from Dr. Elin. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 27.

28. The defendant admits that New York Life received an Attending Physician's Statement dated June 13, 2001 signed by Dr. Schmidt. That statement is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 28.

29. The defendant admits that New York Life received a Progress Report dated June 20, 2001 from the plaintiff. The defendant denies the remaining allegations of paragraph 29.

30. The defendant admits that by letter to the plaintiff dated July 6, 2001, New York Life repeated the information it was still waiting to receive from both the plaintiff and Dr. Elin. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 30.

31. The defendant admits that by letter to the plaintiff dated August 27, 2001, New York Life again informed the plaintiff of the information it was waiting to receive regarding his claim. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 31.

32. The defendant admits that by letter to the plaintiff dated September 25, 2001, New York Life informed the plaintiff that there was not sufficient information to establish total disability after June 11, 2000. The basis for New York Life's decision is set forth in that letter which is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 32.

33. New York Life's letter to the plaintiff dated September 25, 2001 is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 33.

34. The defendant admits that a letter dated March 11, 1998 was sent by New York Life to the plaintiff. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 34.

35. The defendant admits that by letter to the plaintiff dated May 30, 2002, New York Life sent the plaintiff copies of correspondence to him as requested by the plaintiff's agent in his letter of May 21, 2002. Those letters are written documents which speak for themselves as to their terms. The defendant denies the remaining allegations of paragraph 35.

36. The defendant admits that by letter to the plaintiff dated December 13, 2002, New York Life, in response to the plaintiff's request for residual disability benefits, provided the

plaintiff with a list of information that would be needed to review his claim. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 36.

37. The defendant admits that by letter to the plaintiff dated February 14, 2003, New York Life notified the plaintiff of its determination that the plaintiff did not satisfy the definition of either residual or total disability contained in his policy. The basis of that decision was set forth in the letter which is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 37.

38. The defendant admits New York Life received a letter dated May 13, 2003, on behalf of the plaintiff. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 38.

39. The defendant admits that by letter dated December 19, 2003, New York Life notified the plaintiff that the original decision that he was no longer eligible for benefits would be upheld. That letter is a written document which speaks for itself as to its terms. The defendant denies the remaining allegations of paragraph 39.

40. The defendant admits that it received a letter dated August 10, 2004 on behalf of the plaintiff, which purported to be a demand letter in accordance with Chapter 93A. The defendant denies the remaining allegations of paragraph 40.

## COUNT I

41. The defendant repeats and reasserts its responses to paragraphs 1 through 39 and incorporates those responses by reference herein.

42. The defendant denies the allegations of paragraph 42.

## COUNT II

43. The defendant repeats and reasserts its responses to paragraphs 1 through 39 and incorporates those responses by reference herein.

44.    The defendant denies the allegations of paragraph 44.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to make a claim against the real party in interest, New York Life Insurance Company.

### THIRD AFFIRMATIVE DEFENSE

The complaint is barred by failure to name a necessary party, New York Life Insurance Company.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to the benefits sought pursuant to the terms of the Policy.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that if benefits were ever owed to the plaintiff by New York Life, such benefits have been paid and no further benefits are owed.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the failure to provide timely proof of loss.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the terms and conditions of the Policy.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff has failed to comply with all conditions precedent necessary to receive benefits under the terms of the Policy.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred due to lack of privity of contract with the defendant.

        UNUMPROVIDENT CORPORATION

        By its attorneys,

        /s/ Joseph M. Hamilton
        Joseph M. Hamilton
        BBO #546394
        Kristina H. Allaire
        BBO #646001
        Mirick, O'Connell, DeMallie & Lougee, LLP
        100 Front Street
        Worcester, MA 01608-1477
        Phone: (508) 791-8500
        Fax:   (508) 791-8502

Dated: March 4, 2005

### CERTIFICATE OF SERVICE

    I, Joseph M. Hamilton, hereby certify that I have this day served a copy of the foregoing document, by electronic filing, to Thomas A. Kenefick, III, 73 Chestnut Street, Springfield, MA 01103.

        /s/ Joseph M. Hamilton
        Joseph M. Hamilton

Dated: March 4, 2005