UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARL AUGSBERGER,<br>    Plaintiff<br><br>V.<br><br>UNUM PROVIDENT CORP and<br>NEW YORK LIFE INSURANCE<br>COMPANY,<br>    Defendants | CIVIL ACTION NO. 05CV30047-MAP |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

The paragraph of the Complaint labeled Introduction is a narrative which does not require a response. However, to the extent such a response it required, the defendant, UnumProvident Corporation ("UnumProvident") and New York Life Insurance Company ("New York Life"), denies the factual allegations. Further answering, defendants state that the plaintiff's policy is and always has been with New York Life, and UnumProvident is not a proper party to this action.

    1.    The defendants admit that the plaintiff is an individual, but are without sufficient information to admit or deny the remaining allegations of paragraph 1.

    2.    The defendants admit the allegations of paragraph 2.

    3.    The defendants admit the allegations of paragraph 3.

    4.    The defendants admit that the New York Life issued Disability Income Policy No. H3192623 (the "Policy") to the plaintiff with a date of issue of August 14, 1991. The Policy is a written document which speaks for itself as to its terms. The defendants admit that New York Life entered into a reinsurance agreement with Paul Revere, a subsidiary of UnumProvident,

under which Paul Revere administers and services as an agent of New York Life, its individual disability income policies. The defendants deny the remaining allegations of paragraph 3.

5. The defendants admit that the plaintiff has paid the premium required under the terms of the Policy. The Policy is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 5.

6. The Policy is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 6.

7. The defendants admit that the plaintiff submitted a claim for disability benefits. The defendants deny the remaining allegations of paragraph 7.

8. The defendants admit that New York Life, by letters, from time to time requested information from the plaintiff and his healthcare providers in connection with its review of the plaintiff's claim for disability benefits. Those requests were made in writing and speak for themselves as to their terms. The defendants deny the remaining allegations of paragraph 8.

9. The defendants admit that by letter dated November 13, 1997, New York Life requested certain information from the plaintiff regarding the disability claim he filed in October 1997. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 9.

10. The defendants deny the allegations of paragraph 10. Further answering, the defendants state that New York Life wrote to the plaintiff again on December 16, 1997 requesting a response to its November 13, 1997 letter.

11. The defendants admit that on January 30, 1998, based upon new information provided by the plaintiff, New York Life made an additional written request for information. That letter is a written document which speaks for itself as to its terms.

12.     The defendants admit that within one month of New York Life's letter dated January 30, 1998, the plaintiff provided some information to New York Life. The defendants deny the remaining allegations of paragraph 12.

13.     The defendants admit that by letter dated March 11, 1998, approximately five months after receipt of the plaintiff's claim, and subsequent to receipt of the plaintiff's letter dated February 23, 1998, New York Life advised the plaintiff that it was still awaiting receipt of the plaintiff's medical records from his healthcare providers and requested a copy of the workers compensation denial of benefits letter referred to by the plaintiff in his letter of February 23, 1998. Further answering, the defendants state that New York Life's letter dated March 11, 1998 speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 13.

14.     The defendants admit that by letter dated April 15, 1998, approximately six months after receiving the plaintiff's claim for benefits, New York Life made a good faith payment for the period of April 14, 1997 through January 10, 1998. The defendants deny the remaining allegations of paragraph 14.

15.     The defendants admit that by letter dated April 15, 1998, New York Life, with its good faith payment of benefits, outlined its position to the plaintiff regarding his disability claim. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 15.

16.     The defendants admit that New York Life, having received no response to its April 15, 1998 letter, again wrote to the plaintiff by letter dated May 29, 1998 requesting a response to its letters dated April 10, 1998 and April 15, 1998, and requesting a response within thirty days. The defendants also admit that New York Life wrote to the plaintiff on June 24, 1998, again seeking a response to its letters. The defendants further admit that by letter dated August 25, 1998, New York Life again wrote to the plaintiff regarding the letters it sent to the plaintiff dated April 15, 1998 and June 24, 1998, and having received no response from the

plaintiff, it was considering his claim file to be closed.  The defendants state that these letters are written documents that speak for themselves as to their terms.  The defendants deny the remaining allegations of paragraph 16.

17.  The defendants admit that by letter dated August 6, 1999, New York Life wrote to the plaintiff, in response to a request from the plaintiff's agent, Richard Greene, that the plaintiff wished to reopen his claim.  That letter is a written document which speaks for itself as to its terms.  The defendants deny the remaining allegations of paragraph 17.

18.  The defendants deny the allegations of paragraph 18.

19.  The defendants admit that in response to a request from the plaintiff, made through his wife in July 2000, to reopen the claim, New York Life, by letter dated August 1, 2000, provided the plaintiff with the information needed by New York Life to address the claim.  That letter is a written document which speaks for itself as to its terms.  The defendants deny the remaining allegations of paragraph 19.

20.  The defendants admit that by letter dated September 12, 2000, New York Life wrote to the plaintiff, noting that no response had been received to its letter dated August 1, 2000.  That letter is a written document which speaks for itself as to its terms.  The defendants admit that by letter dated September 18, 2000, the plaintiff, through his agent, provided some of the information requested by New York Life.  The defendants deny the remaining allegations of paragraph 20.

21.  The defendants admit that by letter dated October 4, 2000, New York Life informed the plaintiff that he had still not provided the information previously requested, and that based on the information provided with the letter dated September 18, 2000 additional information would be required to address his claim.  That letter is a written document which speaks for itself as to its terms.  The defendants deny the remaining allegations of paragraph 21.

22.     The defendants admit that by letter dated January 17, 2001, New York Life requested the plaintiff's medical records from Dr. Schmidt. That letter is a written documents which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 22.

23.     The defendants admit that in response to a March 2001 visit by Robert Murphy, on behalf of New York Life, the plaintiff faxed information regarding his medication to Mr. Murphy. The defendants deny the remaining allegations of paragraph 23.

24.     The defendants admit that New York Life received a Psychiatric Assessment Form from Dr. Schmidt dated March 28, 2001. That form is a written document which speaks for itself as to its terms. The defendants are without sufficient information to admit or deny the specific date the Psychiatric Assessment Form was received. The defendants deny the remaining allegations of paragraph 24.

25.     The defendants admit that by letter dated April 18, 2001, New York Life wrote to the plaintiff. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 25.

26.     The defendants admit that by letter dated April 20, 2001, New York Life requested the plaintiff's treatment notes from April 2000 to the present from Dr. Schmidt. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 26.

27.     The defendants admit that by letter dated May 2, 2001, New York Life issued total disability benefits for the period of January 11, 1998 to June 11, 2000. The defendants deny the remaining allegations of paragraph 27.

28.     The defendants admit that by letter dated June 12, 2001, New York Life wrote to the plaintiff that it had not received an updated Progress Report or updated medical

documentation from Dr. Elin. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 28.

29. The defendants admit that New York Life received an Attending Physician's Statement dated June 13, 2001 signed by Dr. Schmidt. That statement is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 29.

30. The defendants admit that New York Life received a Progress Report dated June 20, 2001 from the plaintiff. The defendants deny the remaining allegations of paragraph 30.

31. The defendants admit that by letter to the plaintiff dated July 6, 2001, New York Life repeated the information it was still waiting to receive from both the plaintiff and Dr. Elin. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 31.

32. The defendants admit that by letter to the plaintiff dated August 27, 2001, New York Life again informed the plaintiff of the information it was waiting to receive regarding his claim. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 32.

33. The defendants admit that by letter to the plaintiff dated September 25, 2001, New York Life informed the plaintiff that there was not sufficient information to establish total disability after June 11, 2000. The basis for New York Life's decision is set forth in that letter which is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 33.

34. New York Life's letter to the plaintiff dated September 25, 2001 is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 34.

35. The defendants admit that a letter dated March 11, 1998 was sent by New York Life to the plaintiff. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 35.

36. The defendants admit that by letter to the plaintiff dated May 30, 2002, New York Life sent the plaintiff copies of correspondence to him as requested by the plaintiff's agent in his letter of May 21, 2002. Those letters are written documents which speak for themselves as to their terms. The defendants deny the remaining allegations of paragraph 36.

37. The defendants admit that by letter to the plaintiff dated December 13, 2002, New York Life, in response to the plaintiff's request for residual disability benefits, provided the plaintiff with a list of information that would be needed to review his claim. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 37.

38. The defendants admit that by letter to the plaintiff dated February 14, 2003, New York Life notified the plaintiff of its determination that the plaintiff did not satisfy the definition of either residual or total disability contained in his policy. The basis of that decision was set forth in the letter which is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 38.

39. The defendants admit New York Life received a letter dated May 13, 2003, on behalf of the plaintiff. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 39.

40. The defendants admit that by letter dated December 19, 2003, New York Life notified the plaintiff that the original decision that he was no longer eligible for benefits would be upheld. That letter is a written document which speaks for itself as to its terms. The defendants deny the remaining allegations of paragraph 40.

41. The defendants admit that UnumProvident received a letter dated August 10, 2004 on behalf of the plaintiff, which purported to be a demand letter in accordance with Chapter 93A. The defendants admit that New York Life received a letter dated April 15, 2005 on behalf of the plaintiff, which purported to be a demand letter in accordance with Chapter 93A. The defendants deny the remaining allegations of paragraph 41.

## COUNT I

43. The defendants repeat and reassert their responses to paragraphs 1 through 39 and incorporate those responses by reference herein.

44. The defendants deny the allegations of paragraph 44.

## COUNT II

45. The defendants repeat and reassert their responses to paragraphs 1 through 39 and incorporate those responses by reference herein.

46. The defendants deny the allegations of paragraph 46.

## COUNT III

47. The defendants repeat and reassert their responses to paragraphs 1 through 39 and incorporate those responses by reference herein.

48. The defendants deny the allegations of paragraph 48.

## COUNT IV

49. The defendants repeat and reassert their responses to paragraphs 1 through 39 and incorporate those responses by reference herein.

50. The defendants deny the allegations of paragraph 50.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The complaint fails to make a claim against the real party in interest, New York Life Insurance Company.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The complaint is barred by failure to name a necessary party, New York Life Insurance Company.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The plaintiff is not entitled to the benefits sought pursuant to the terms of the Policy.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The defendant states that if benefits were ever owed to the plaintiff by New York Life, such benefits have been paid and no further benefits are owed.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims are barred by the failure to provide timely proof of loss.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims are barred by the terms and conditions of the Policy.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The plaintiff has failed to comply with all conditions precedent necessary to receive benefits under the terms of the Policy.

<u>NINTH AFFIRMATIVE DEFENSE</u>

The plaintiff's claims are barred due to lack of privity of contract with the defendant.

UNUMPROVIDENT CORPORATION and
NEW YORK LIFE INSURANCE COMPANY

By their attorneys,

/s/ Kristina H. Allaire
Joseph M. Hamilton
BBO #546394
Kristina H. Allaire
BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated  September 22, 2005

CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by electronic filing, to Thomas A. Kenefick, III, 73 Chestnut Street, Springfield, MA 01103.

/s/ Kristina H. Allaire
Kristina H. Allaire

Dated: September 22, 2005

{H:\PA\Lit\16310\00069\A0837487.DOC}            10