UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARL AUGSBERGER.,<br>        Plaintiff<br><br>V.<br><br>UNUM PROVIDENT CORP and<br>NEW YORK LIFE INSURANCE<br>COMPANY,<br>        Defendants | CIVIL ACTION NO. 05CV30047-MAP |

## <u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL</u>

### <u>NATURE AND STATUS OF PROCEEDINGS</u>

In this action, the plaintiff, Carl Augsberger, seeks to recover benefits pursuant to a disability policy issued by the defendant, New York Life Insurance Company ("New York Life").

On September 14, 2005, defendants served Mr. Augsberger with their First Set of Interrogatories and Requests for Production of Documents. Mr. Augsberger failed to timely respond. Based on representations by Mr. Augsberger's counsel that although their office received defendants' requests for production and interrogatories, neither attorney assigned to the case had seen them, defendants agreed to extend the deadline for responding until November 28, 2005. Again, Mr. Augsberger failed to respond. On November 30, 20005, defendants sent Mr. Augsberger a letter notifying him that if responses were not received by Friday, December 2, 2005, defendants would file a motion to compel.

Finally, on December 2, 2005, in a cursory effort to avoid the filing of a motion to compel, Mr. Augsberger faxed to the defendants unsigned answers to interrogatories and responses to requests for production of documents.  Mr. Augsberger's responses and answers are wholly inadequate.  A copy of Mr. Augsberger's Responses and Answers are attached hereto as Exhibit A.  In response to 37 document requests, Mr. Augsberger did not produce a single document.  On December 28, 2005, Mr. Augsberger produced documents responsive to four of defendants' requests.  Mr. Augsberger has never provided a signed copy of his answers to interrogatories nor an original copy of his responses to requests for production of documents.

On December 22, 2005, defendants sent Mr. Augsberger a detailed letter explaining the deficiencies in his responses and answers and requesting supplementation by January 2, 2006 and a Rule 7.1 discovery conference.  Two months later, Mr. Augsberger has neither produced a supplemental response to defendants' discovery requests nor responded to defendants December 22nd letter.  As such, defendants' have moved to compel the production of these documents and responses to interrogatories and submit this memorandum in support thereof.

## BACKGROUND

Mr. Augsberger claims benefits under an individual disability policy issued to him by New York Life.  As set forth in his application for disability benefits (see Exhibit B), Mr. Augsberger claims to be disabled beginning in April 1997 as a result of panic disorder, depression, and adjustment disorder with mild anxiety and depressed mood.  He claims to have "snapped" in April 1997 going to an appointment in Boston for his employer.  See the statement he filed in support of Mr. Augsberger's claim attached hereto as Exhibit C.

At the time of his alleged disability he was employed at Penske Truck Leasing Co. Inc. as an executive accounts manager.  In response to questions on the claim form, Mr. Augsberger

stated that benefits are also payable under a worker's compensation policy with Old Republic Insurance.

New York Life paid Mr. Augsberger disability benefits through January 1998. The claim closed in November 1998 and no further benefits were paid due to Mr. Augsberger's failure to respond to New York Life's requests for information to support ongoing disability. In July 2000, Mrs. Augsberger requested that the claim be reopened and stated that he had started a truck repair business in 1998 (see Exhibit D). Documents submitted by Mr. Augsberger show that he is both the director and treasurer of this company.

The claim was reopened and additional records were requested from Mr. Augsberger and his physician to support his claim of disability after January 1998. After a review of the updated information, New York Life paid Mr. Augsberger disability benefits from January 1998 through June 2000, but denied his claim for residual benefits after June 2000 because the medical records after June of 2000 were insufficient to support a finding that Mr. Augsberger was residually disabled from performing his occupation.

In May of 2003, Mr. Augsberger appealed New York Like's decision. The entire file was then subject to further medical review. New York Like upheld its decision finding that a claim for residual disability was not supported by the medical evidence beyond June 2000.

Provident's discovery requests seek information regarding Mr. Augsberger's medical condition, income and employment both before and after his date of disability. The medical information requested is necessary to evaluate Mr. Augsberger's claim for disability. Information regarding Mr. Augsberger's income and employment are necessary for Provident to evaluate what he was doing prior to the date of his disability and after so as to determine whether he is currently capable of performing the essential duties of his occupation.

## ARGUMENT

**I.**    **Mr. Augsberger's Response to Defendants Requests for Production Nos. 4, 5, 7, 11, 13, 16-19, 24, 25, 28, 30, and 36 Are Deficient.**

Mr. Augsberger has provided inadequate responses to defendants request for production of documents by referring defendants to other files, failing to produce documents he has identified and asserting inappropriate and unsubstantiated objections.

      A.    <u>Mr. Augsberger's Responses That Refer Defendants To Their Own Files Or A Third Party's Files Are Inappropriate.</u>

In response to Request Nos. 4, 5, 11, 13, 17, and 24, Mr. Augsberger has objected on the grounds that defendants already have or can obtain the information from other sources. This is an inappropriate and inadequate response to defendants' valid discovery requests. The plaintiff has an obligation to produce whatever responsive documents he may have regardless of what defendants may have in their own file or could obtain from third parties.

In Request Nos. 4 and 5, defendants seek documents regarding Mr. Augsberger's health care providers from January 1, 1995 through the present. Specifically they request:

> REQUEST NO. 4: All medical records, medical bills, medical correspondence, and medical expenses for each health care provider, including but not limited to hospitals, physicians, and pharmacies, which have treated you from January 1, 1995 through the present.

> REQUEST NO. 5: All medical records, medical bills, medical correspondence, and medical expenses for each mental health care provider, including but not limited to all mental health practitioners, which have treated you from January 1, 1995 to the present.

Mr. Augsberger responded:

> OBJECTION on grounds that this request is overly broad and unduly burdensome. The Defendant already have (or will have) such documents in their possession through their own request of the provider with the Plaintiff's authorization.

Mr. Augsberger has objected on the grounds that defendants have or will have their responsive documents in the possession as a result of an executed authorization.  This is not a valid objection.

Defendants were able to determine the names of some of Mr. Augsberger's health care providers from their claim file and have requested documents directly from these providers. However, there is no guaranty that the documents in Mr. Augsberger's possession are identical to what will be received from the providers or that the defendants have sent authorizations to all of Mr. Augsberger's providers.  Regardless of what defendants receive from their requests of third parties, defendants are entitled to discover all documents responsive to this request that are in Mr. Augsberger's possession.  Defendants are not requesting that Mr. Augsberger also request these documents from his health care providers, but only to provide a copy of what he or his attorney has in their files.

In Request No. 11, defendants seek documents showing who paid the premiums on Mr. Augsberger's policy.  This is basic information to substantiate whether the premiums on Mr. Augsberger's policy were paid for by him or by his employer, a distinction that could affect the substantive law governing this case.  Specifically, Request No. 11 seeks:

> REQUEST NO. 11: All documents indicating the person(s) or entity that paid the premiums under the Policy.

To which Mr. Augsberger responded:

> OBJECTION on grounds that this request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is overly broad and unduly burdensome.  The Defendants already have information that the premiums were paid and that same came by way of automatic withdrawal from the Plaintiff's checking account per "Checkomatic".

Mr. Augsberger claims that the request is overly broad and objected to these requests on the grounds that the defendants already have the information in their possession.  This is not a valid

objection.  It is unclear how Mr. Augsberger purports to know what defendants have in their file.
Moreover, regardless of what defendants may have in their own file, defendants are entitled to
any documents in Mr. Augsberger's possession that are responsive to these requests.

In Request No. 13, defendants request "diaries, logs, personal journals, or personal
calendars that relate to this claim."  Mr. Augsberger states in response that other than documents
he believes are covered by the attorney client privilege, that the defendants have these documents
by way of the attachments to plaintiff's Chapter 93A demand letter and through plaintiff's Rule
26(a) disclosure.  Specifically, Request No. 13 seeks:

> REQUEST NO. 13: All of your diaries, logs, personal journals, or personal
> calendars, if any, that relate in any way to the facts, claims, causes of action,
> allegations, or contentions set out in the Complaint.

To which Mr. Augsberger responded:

> OBJECTION on grounds that the documents requested fall with the attorney-
> client privilege and/or the work-product doctrine.  Notwithstanding these
> objections and specifically reserving the same, the Plaintiff states that the
> Defendants already have such information by way of both the attachments to the
> demand letters and through the Plaintiff's Disclosure Pursuant to Rule 26(a) of the
> Federal Rules of Civil Procedure.

Defendants have reviewed the demand letters and disclosures and there are no documents
responsive to this request included in either submission.  In their December 22, 2005 letter,
defendants requested that Mr. Augsberger advise them on or before January 2, 2006 if there are
any documents in his possession that are responsive to this request.  Mr. Augsberger has never
responded to this letter.  Therefore, if these documents exist, defendants request that they be
produced.  If they do not exist then Mr. Augsberger's response should be revised.

In Request No. 17, defendants seek documents relating to Mr. Augsberger leaving his
employment.  In response, Mr. Augsberger refers defendants to a file in Hampden County
Superior Court.  Specifically the request seeks:

REQUEST NO. 17: All documents arising out of, relating to, or evidencing your leaving your employment.

Mr. Augsberger responded:

OBJECTION on the basis that this Request is overly broad and unduly burdensome. Moreover, it seeks information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections and specifically reserving the same, aside from those already in Defendants' possession, the Plaintiff refers the Defendants to the file at the Hampden County Superior Court for the case of Carl and Janis Augsberger against Penske.

This is an inadequate response. To the extent that this file is in Mr. Augsberger's possession or in the possession of his counsel, who also represented him in the worker's compensation case, he is obligated to produce it. There is no requirement that defendants seek discovery from third parties that is in the possession and control of Mr. Augsberger or his counsel.

In Request No. 24, defendants seek documents relating to salary continuation benefits. Mr. Augsberger objects on the grounds that in addition to it being overly broad, the documents are already in the defendants' possession since defendants initially paid benefits. Specifically it requests:

REQUEST NO. 24: All documents arising out of, relating to, or evidencing whether you are eligible for, have applied for, or have received any type of salary continuation benefits, as well as all documents evidencing the application for, claims process, and receipt of any such benefits.

Mr. Augsberger responded:

OBJECTION on grounds that this request is over broad and unduly burdensome. Such information of Plaintiff's activities prior to 1998, should already be in the possession of the Defendants since they initially paid benefits.

This statement is inaccurate. The request seeks documents regarding "salary continuation benefits" not disability benefits. Salary continuation benefits, if any, would have come from his employer, not the defendants. Therefore, Mr. Augsberger should be required to supplement his response to this request and produce any relevant documents.

B.     Mr. Augsberger Responses That Identify Responsive Documents That He Did Not Produce Are Insufficient.

In response to Request Nos. 7, 28, 30, and 36, Mr. Augsberger identified responsive documents yet failed to produce them.  A party is entitled to all discoverable material that is appropriately requested immediately.  Mr. Augsberger has provided absolutely no justification for his failure to produce these documents.

In Request No. 7, defendants seek documents not received from the defendants relating to the defendants.  Specifically, Request No. 7 seeks:

REQUEST NO. 7: All documents in your possession that you did not receive from the Insurance Company, which evidences or relates to the Insurance Company.

Mr. Augsberger responded:

OBJECTION on grounds that this request does not comply with Rule 34 of the Federal Rules of Civil Procedure in that it does not describe, with reasonable particularity, the documents sought to be obtained.  Notwithstanding this objection and specifically reserving same, the Plaintiff has information printed from various internet sources regarding the Insurance Company.

In response, Mr. Augsberger states that he has "information printed from various internet sources regarding the insurance company," yet Mr. Augsberger has not produced any documents.  These documents are responsive and not privileged and therefore must be produced.

In Request No. 28, defendants seek documents relating to Mr. Augsberger's job duties from 1995 to the present.  Specifically it seeks:

REQUEST NO. 28: All documents arising out of, relating to, or evidencing your job duties for the period of 1995 to the present.

Mr. Augsberger responded:

OBJECTION on the grounds that this Request seeks information that is already in the Defendants' possession specifically in so far as it related to information while the Plaintiff was employed by Penske.  Moreover, it is overly broad and unduly burdensome.  Notwithstanding these objections and specifically reserving the

same, the Plaintiff states that he does not have any document evidencing his job
duties after Penske.

In response, Mr. Augsberger states that he does not have any documents regarding his job duties

after Penske.  However, Mr. Augsberger's job duties at Penske would also be responsive and

must be produced.  The fact that defendants may have obtained some information regarding his

duties at Penske from another source is not grounds for withholding whatever documents

Mr. Augsberger currently has that are responsive to this request.  If in the alternative,

Mr. Augsberger would prefer to identify his job duties for both Penske and Top Truck in a

written response that would be acceptable.  If he believes defendants are already in possession of

such an accurate description, he can simply identify what document he believes accurately

describes his job duties at both positions.

In Request No. 30, defendants seek documents regarding Mr. Augsberger's membership

in certain organizations.  Specifically it seeks:

REQUEST NO. 30: All documents evidencing or relating to your membership in
any health, fitness, athletic, golf, swimming, tennis, yachting, or sailing club or
organization.

Mr. Augsberger responded:

RESPONSE:  The Plaintiff belongs to a social club that has limited athletic
facilities.

In response, Mr. Augsberger states that he belongs to a social club that has limited athletic

facilities, but did not produce any documents, nor does he identify the name of the club.  If there

are any documents regarding this membership they must be produced.  If there are none, then

Mr. Augsberger should revise his response to say so.

In Request No. 36, defendants seek documents relating to ownership of credit cards.

Specifically it requests:

REQUEST NO. 36: All documents evidencing or relating to ownership, possession, or use by you of a credit card, including but not limited to, monthly credit card billing statements from January 1, 1997 to the present.

Mr. Augsberger responded:

OBJECTION on the grounds that this request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, such request is overly broad and unduly burdensome. Notwithstanding these objections and specifically reserving the same, the Plaintiff will produce his current statements.

In response, Mr. Augsberger agreed to produce his current statements, yet no documents have been produced. Mr. Augsberger has given no justification for his failure to produce these documents. A party is entitled to all discoverable material that is appropriately requested immediately and generic descriptions of documents without specifying their identity and source are improper. These documents must be produced.

C.     Mr. Augsberger Responses To Requests Nos. 16, 25, and 33 Are Inadequate, Incomplete, and Inaccurate.

Mr. Augsberger's response to several requests are inappropriate. He has failed to answer these requests accurately or sufficiently under the rules of discovery and therefore his answers should be stricken and revised.

In Request No. 16, defendants seek all of the documents identified in response to defendants' interrogatories. In response, Mr. Augsberger simply refers the defendants to the answers to interrogatories themselves. Specifically the request seeks:

REQUEST NO. 16: All documents identified in your answers to UnumProvident Corporation's interrogatories, served contemporaneously herewith.

RESPONSE:   See my answers to interrogatories and or documents already herein referenced.

This is completely non-responsive. Where documents are identified in his answers to defendants interrogatories they must be produced. For example, in answering Interrogatory Nos. 3, 9, and

15, Mr. Augsberger has identified specific documents, these documents are responsive to

Request No. 16, and therefore these documents and any others that may be identified in

Mr. Augsberger's answers to interrogatories must be produced.

In Request No. 25, defendants seek documents relating to applications for or receipt of

disability benefits from any insurance company.  Specifically it asks:

> REQUEST NO. 25: All documents arising out of relating to, or evidencing
> whether you are eligible for, have applied for, or have received any type of
> disability benefit from any insurance company, as well as all documents
> evidencing the application for, claims process, and receipt of any such benefits.

Mr. Augsberger responded:

> OBJECTION on grounds that this request does not comply with Rule 34 of the
> Federal Rules of Civil Procedure in that it does not describe with reasonable
> particularity, the documents sought to be obtained.   Notwithstanding this
> objection and specifically reserving the same, other than the Defendants, this
> request is not applicable.

In addition to a baseless objection that the request does not comply with Rule 34,

Mr. Augsberger states that "other than the defendants, this request is not applicable."  This

statement is inaccurate.  Worker's compensation benefits are paid by an insurance company.

Mr. Augsberger has admitted in his other responses, he had a worker's compensation claim that

resulted in litigation.  Therefore, any documents regarding that claim would be responsive to this

request and must be produced.

In Request No. 33, defendants seek documents relating to Mr. Augsberger's purchase of a

business.  Specifically it requests:

> REQUEST NO. 33: All documents evidencing or relating to your purchase
> (individually or jointly) of a business of any kind from 1995 to the present.

Mr. Augsberger responded:

> OBJECTION on the grounds that this request does not comply with Rule 34 of
> the Federal Rules of Civil Procedure in that it does not describe, with reasonable
> particularity, the documents sought to be obtained.

Mr. Augsberger objects on the grounds that the request does not describe with reasonable particularity the documents sought. This objection is unfounded. If Mr. Augsberger purchased or started a business of any kind from 1995 through the present, defendants have clearly requested all documents regarding the acquisition or initiation of such a business and these documents should be produced.

### Interrogatories

## II.    Mr. Augsberger's Answers To Defendants' Interrogatory Nos. 1, 3, 4, 8, 9, 12, and 13 Are Deficient.

First and foremost, Mr. Augsberger has yet to officially answer the interrogatories in compliance with Rule 33 because the answers were signed by counsel not Mr. Augsberger and are therefore deficient on their face. McDougall v. Dunn, 468 F.2d 468, 472 (4th Cir. 1972) (It was improper for the party's counsel to answer interrogatories under oath; it was no excuse that the defendant was out of state and not readily accessible).

### A.    Mr. Augsberger's Responses to Interrogatory Nos. 1, 3, 8, and 9 Are Incomplete And Must Be Revised.

Mr. Augsberger has failed to give all of the information requested by several interrogatories and therefore his answers are incomplete. Answers to interrogatories must be answered separately and fully in writing. Fed. R. Civ. P. 33(a)(3) (emphasis added). A party answering interrogatories has an affirmative duty to furnish any and all information available. See 8A Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d §2174, 302 (1994).

In Interrogatory No. 1, defendants request information regarding potential witnesses and ask for a brief statement of what their testimony will be and how it relates to the claims and defendants. Specifically it asks:

INTERROGATORY NO. 1: State the name, address, and telephone number of persons known to you who have knowledge of facts relevant to the claims and defenses of all parties in this lawsuit, and state briefly what you anticipate their

testimony to be and how it relates to the parties' claims and defenses in this lawsuit.

Mr. Augsberger responded:

> ANSWER:    See Disclosure Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

In response, Mr. Augsberger simply refers defendants to plaintiff's Rule 26(a) disclosure.

However, there are 3 individuals on plaintiff's disclosure for which there is no statement about

their testimony.  A copy of plaintiff's 26(a) disclosure is attached hereto as Exhibit E.  This

answer must be revised.

In Interrogatory No. 3, defendants seek information regarding other disability insurance

policies.  Specifically it asks:

> INTERROGATORY NO. 3: Identify each disability insurance policy you have ever applied for, including the date of application and/or reapplication, identity of the insurer, policy number (if a policy was issued), the disability benefit amount (monthly or lump sum), and whether the coverage was issued, and, if so, is it still in force.

Mr. Augsberger responded:

> ANSWER:    Other than the one at issue in the Complaint, I have a policy currently in force through my employment with Top Truck Services.  I will supplement this answer.

In his answer, Mr. Augsberger only states that he has a policy through Top Truck Service and

that he will supplement this answer.  There is no right to "reserve" further responses to discovery

requests.  A party is entitled to all discoverable material that is appropriately requested

immediately and generic descriptions to documents without specifying their identity and source

are improper.  Fisher v. President & Fellows of Harvard College, 20 Mass. Rptr. No. 9, 203

(January 2, 2006).   To date Mr. Augsberger has never supplemented this answer.

In Interrogatory No. 8, defendants seek identification of work Mr. Augsberger has done for remuneration since the first day of his disability, including the amount and frequency. Specifically it states:

> INTERROGATORY NO. 8: Identify any work that you have done for remuneration since the first day of your disability, including in your identification the type of work performed, the amount and frequency of remuneration received, the name and address of the entity or individual paying you for your work, and the dates that you worked.

Mr. Augsberger responded:

> ANSWER:     From September 21, 1998 through the present, I have worked for Top Truck Services.  I perform the duties involved with the following: treasurer, customer service, sales, office administration.

Mr. Augsberger's answer did not include any amount or frequency.  This information must be provided.

In Interrogatory No. 9, defendants seek information regarding health insurance policies, including name and address of carrier.  Specifically it requests:

> INTERROGATORY NO. 9: Please identify all medical or health insurance policies that have provided coverage for you since January 1, 1995, including in your identification the name and address of each insurer, the policy number, whether the insurance was an individual policy or group, to whom the policy was issued, and the dates you were covered by such policy.

Mr. Augsberger responded:

> OBJECTION on grounds that this interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection and specifically reserving the same, the Plaintiff answers as follows:
>
> I received health insurance coverage through November 1998, through my employment with Penske.  At present (and since the end of 1998), I have coverage through Health New England, policy number 1139400001.  This is a group policy to Top Truck Services.

In his answer, Mr. Augsberger failed to identify the carrier's name and address or the number of the policy he had through Penske.  While he may no longer have the policy number,

Mr. Augsberger should be able to provide at least the name of the provider.  Therefore this answer is insufficient and must be revised.

B.     Mr. Augsberger's Response to Interrogatory No. 4 Is Inaccurate And Must Be Revised.

In Interrogatory No. 4, defendants request information regarding other disability benefits through worker's compensation, or a state or federal disability program.  Specifically it asks:

INTERROGATORY NO. 4: Identify each type of disability benefit you have applied for through worker's compensation, a state disability program, or a federal disability program (i.e., Social Security), including the date of application, the name of the entity paying the benefit and the periodic benefit amounts.

Mr. Augsberger responded:

ANSWER:     None.

This response is plainly false.  It is clear from the claim file, as well as Mr. Augsberger's answer to Request for Production No. 17, that Mr. Augsberger applied for worker's compensation.  This answer is inaccurate, incomplete and should be completed.

C.     Mr. Augsberger's Responses To Interrogatory Nos. 12 and 13 Are Inadequate and Assert An Inappropriate Objection.

In Interrogatory Nos. 12 and 13, defendants request the identification of all healthcare and mental healthcare providers from January 1, 1995 through the present.  This information is critical to ensuring that all of Mr. Augsberger's medical records are obtained.  Mr. Augsberger failed in the following response to comply with his obligation under Rule 33(a) to answer all interrogatories fully when they fall within the scope of permissible discovery.  Specifically defendants requested:

INTERROGATORY NO. 12: Please identify each health care provider, including but not limited to hospitals, physicians, which have treated you from January 1, 1995 through the present, including as part of your identification the name and address of each such health care provider, the nature of the aliment or illness for which you were treated, the date of each such treatment, the location of each such treatment, and the description of the treatment provided.

INTERROGATORY NO. 13: Please identify each mental health care provider, including but not limited to all mental health practitioners, which have ever treated you, including as part of your identification the name and address of each such mental health care provider, the nature of the aliment or illness for which you were treated, the date of each such treatment, the location of each such treatment, and the description of the treatment provided.

Mr. Augsberger responded:

OBJECTION on the grounds that the Defendants already have (or will have) the requested information through their own requests with Plaintiffs authorizations of the particular health care providers.

ANSWER:    See Objection set forth in Number 12, supra.

Mr. Augsberger has objected to both interrogatories on the basis that defendants have the requested information because defendants sent him authorizations for release of medical records for some providers.  Defendants have no basis to know that these are the only providers with whom Mr. Augsberger has treated.  Therefore, Mr. Augsberger must either provide a complete list of providers or a statement that those providers for whom he has signed individual authorizations are the only providers with whom he has treated since January 1, 1995.

## CONCLUSION

For all of the foregoing reasons, defendants request their motion to compel be granted.

UNUMPROVIDENT CORPORATION and
NEW YORK LIFE INSURANCE
COMPANY

By their attorneys,


/s/ Kristina H. Allaire
Joseph M. Hamilton, BBO #546394
Kristina H. Allaire, BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: March 20, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 20, 2006.


/s/ Kristina H. Allaire
Kristina H. Allaire

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARL AUGSBERGER,                     )
                    Plaintiff        )
                                     )
v.                                   )        CIVIL ACTION NO. 05CV30047-MAP
                                     )
UNUM PROVIDENT CORPORATION           )
AND NEW YORK LIFE INSURANCE          )
COMPANY,                             )
                    Defendants.      )

PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST
FOR PRODUCTION OF DOCUMENTS

1.      All documents evidencing or relating to any written or oral communications by
and between the Insurance Company and you, including but not limited to, all such
documents evidencing or relating to any facts, claims, causes of action, allegations, or
contentions contained in the Complaint, or any of the incidents described in the
Complaint.

    RESPONSE:      OBJECTION on the grounds that this request is overly broad
and unduly burdensome. The Defendant already have such documents in their
possession. (See, e.g., Plaintiff's *Disclosure Pursuant to Rule 26(a) of the Federal
Rules of Civil Procedure.*)


2.      All documents evidencing or relating to any written or oral communications by
and between any third parties and you concerning the Lawsuit, its subject matter, or
any of the facts, claims, causes of action, allegations, or contentions asserted in the
Complaint.

    RESPONSE:      OBJECTION on the grounds that this Request seeks
information protected by the attorney-client privilege. Notwithstanding this objection
and specifically reserving the same, the Plaintiff states there are no such documents.

3.      All documents evidencing or relating to any written or oral communications by
and between any third parties and the Insurance Company concerning the Lawsuit, its
subject matter, or any of the facts, claims, causes of action, allegations, or contentions
asserted in the Complaint.

    RESPONSE:      OBJECTION on the grounds that this request is overly broad
and unduly burdensome. The Defendant already have such documents in their
possession. (See, e.g., Plaintiff's *Disclosure Pursuant to Rule 26(a) of the Federal*

Rules of Civil Procedure.)


4.    All medical records, medical bills, medical correspondence, and medical expenses for each health care provider, including but not limited to hospitals, physicians, and pharmacies, which have treated you from January 1, 1995 through the present.

RESPONSE:     OBJECTION on the grounds that this request is overly broad and unduly burdensome. The Defendant already have (or will have) such documents in their possession through their own request of the provider with the Plaintiff's authorization.


5.    All medical records, medical bills, medical correspondence, and medical expenses for each mental health care provider, including but not limited to all mental health practitioners, which have treated you from January 1, 1995 to the present.

RESPONSE:     OBJECTION on the grounds that this request is overly broad and unduly burdensome. The Defendant already have (or will have) such documents in their possession through their own request of the provider with the Plaintiff's authorization.


6.    All documents you have received from the Insurance Company, or any individual that you believe to be an agent of the Insurance Company.

RESPONSE:     OBJECTION on the grounds that this request is overly broad and unduly burdensome. The Defendant already have such documents in their possession. (See, e.g., Plaintiff's *Disclosure Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.*)


7.    All documents in your possession that you did not receive from the Insurance Company, which evidences or relates to the Insurance Company.

RESPONSE:     OBJECTION on the grounds that this request does not comply with Rule 34 of the Federal Rules of Civil Procedure in that it does not describe, with reasonable particularity, the documents sought to be obtained. Notwithstanding this objection and specifically reserving the same, the Plaintiff has information printed from various internet sources regarding the Insurance Company.


8.    All documents evidencing or relating to the Policy.

RESPONSE:    OBJECTION on the grounds that this request is overly broad and unduly burdensome. The Defendant already have such documents in their possession. (See, e.g., Plaintiff's *Disclosure Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure*.)

9.    All documents evidencing or relating to any statements made or taken by you or any other person concerning the Lawsuit, its subject matter, or any of the facts, claims, causes of action, allegations, or contentions asserted in the Complaint.

RESPONSE:    OBJECTION on the grounds that this request is overly broad and unduly burdensome. The Defendant already have such documents in their possession. (See, e.g., Plaintiff's *Disclosure Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure*.)

10.    Copies of all applications for insurance you submitted to any life, health, hospital, indemnity, disability, or accident insurance company, regardless of whether a policy was issued, for the period of time from 1995 to the present.

RESPONSE:    The Plaintiff will supplement this response.

11.    All documents indicating the person(s) or entity that paid the premiums under the Policy.

RESPONSE:    OBJECTION on the grounds that this request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is overly broad and unduly burdensome. The Defendants already have information that the premiums were paid and that same came by way of automatic withdrawal from the Plaintiff's checking account per "Checkomatic".

12.    A copy of the Policy you received.

RESPONSE:    OBJECTION on the grounds that this request is overly broad and unduly burdensome. The Defendant already have such documents in their possession. (See, e.g., Plaintiff's *Disclosure Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure*.)

13.    All of your diaries, logs, personal journals, or personal calendars, if any, that relate in any way to the facts, claims, causes of action, allegations, or contentions set out in the Complaint.

RESPONSE:        OBJECTION on the grounds that the documents requested
fall within the attorney-client privilege and/or the work-product doctrine.
Notwithstanding these objections and specifically reserving the same, the Plaintiff
states that the Defendants already have such information by way of both the
attachments to the demand letters and through the Plaintiff's *Disclosure Pursuant to
Rule 26(a) of the Federal Rules of Civil Procedure*.

14.    All audiotapes, videotapes, photographs relating in any way to any of the facts,
claims, causes of action, allegations, or contentions set out in the Complaint.

RESPONSE:        There are none to the Plaintiff's knowledge.

15.    Any statements, telephone recordings, or taped conferences which reflect
conversations or communications with the Insurance Company or its employees,
agents, or representatives.

RESPONSE:        There are none to the Plaintiff's knowledge.

16.    All documents identified in your answers to Unum Provident Corporation's
interrogatories, served contemporaneously herewith.

RESPONSE:        See answers to interrogatories and or documents already
herein referenced.

17.    All documents arising out of, relating to, or evidencing your leaving your
employment.

RESPONSE:        OBJECTION on the basis that this Request is overly broad
and unduly burdensome. Moreover, it seeks information protected by the attorney-
client privilege and/or work product doctrine. Notwithstanding these objections and
specifically reserving the same, aside from those already in the Defendants'
possession, the Plaintiff refers the Defendants to the file at the Hampden County
Superior Court for the case of Carl and Janis Augsberger against Penske.

18.    Copies of all business tax returns and accompanying schedules for the years for
which you owned an interest in a business which employed you from 1995 to the
present.

RESPONSE:        The Plaintiff will supplement this response.

19.    Copies of all individual tax returns and schedules that you filed with the IRS and supporting documentation for such returns from 1995 to the present.

      RESPONSE:        The Plaintiff will supplement this response.


20.    All documents arising out of, relating to, or evidencing the number of hours worked by you, and the tasks performed by you for remuneration of any kind from 1995 to the present.

      RESPONSE:        OBJECTION on the grounds that this Request is over broad and unduly burdensome. Such information of Plaintiff's activities prior to 1998, should already be in the possession of the Defendants since they initially paid benefits. Notwithstanding this objection and specifically reserving the same, the Plaintiff states that he is currently paid on a 40 hour per week salary and does not "punch a clock".


21.    All documents arising out of, relating to, or evidencing whether your are eligible for, have applied for, or have received any type of social security benefits, as well as all documents evidencing the application, claim process, and receipt of any benefits.

      RESPONSE:        Not applicable.


22.    All documents arising out of, relating to, or evidencing whether your are eligible for, have applied for, or have received any type of state disability insurance benefits, as well as documents evidencing the application, claim process, or receipt of any such benefits.

      RESPONSE:        Not applicable.


23.    All documents arising out of, relating to, or evidencing whether you are eligible for, have applied for, or have received any type of group disability benefits, as well as all documents evidencing the application for, claims process, or receipt of any such benefits.

      RESPONSE:        Other than those through the Defendants, not applicable.


24.    All documents arising out of, relating to, or evidencing whether you are eligible for, have applied for, or have received any type of salary continuation benefits, as well as all documents evidencing the application for, claims process, and receipt of any such benefits.

RESPONSE:        OBJECTION on the grounds that this Request is over broad
and unduly burdensome. Such information of Plaintiff's activities prior to 1998, should
already be in the possession of the Defendants since they initially paid benefits.


25.    All documents arising out of relating to, or evidencing whether you are eligible
for, have applied for, or have received any type of disability benefit from any insurance
company, as well as all documents evidencing the application for, claims process, and
receipt of any such benefits.

RESPONSE:        OBJECTION on the grounds that this request does not
comply with Rule 34 of the Federal Rules of Civil Procedure in that it does not describe,
with reasonable particularity, the documents sought to be obtained. Notwithstanding
this objection and specifically reserving the same, other than the Defendants, this
request is not applicable.


26.    All employment agreements or contracts to which you were a party that were in
effect at any time from 1995 to the present.

RESPONSE:        The Plaintiff has none.


27.    All documents arising out of, relating to, or evidencing any ownership interest
that you have in any business from 1995 to the present, as well as all documents
evidencing the transfer or sale of such ownership interest.

RESPONSE:        OBJECTION on the basis that this Request is overly broad
and unduly burdensome. Moreover, it seeks information protected by the attorney-
client privilege and/or work product doctrine. Notwithstanding these objections and
specifically reserving the same, the Plaintiff will produce the Articles of Incorporation for
Top Truck Services.


28.    All documents arising out of, relating to, or evidencing your job duties for the
period of 1995 to the present.

RESPONSE:        OBJECTION on the grounds that this Request seeks
information that is already in the Defendants' possession specifically in so far as it
relates to information while the Plaintiff was employed by Penske. Moreover, it is overly
broad and unduly burdensome. Notwithstanding these objections and specifically
reserving the same, the Plaintiff states that he does not have any document evidencing
his job duties after Penske.

29.   All documents evidencing or relating to your applying for unemployment compensation benefits.

    RESPONSE:       Not applicable.


30.   All documents evidencing or relating to your membership in any health, fitness, athletic, golf, swimming, tennis, yachting, or sailing club or organization.

    RESPONSE:       The Plaintiff belongs to a social club that has limited athletic facilities


31.   All documents evidencing or relating to any claim of damages that you have against the Insurance Company.

    RESPONSE:       OBJECTION on the grounds that this request is overly broad and unduly burdensome. The Defendant already have such documents in their possession. (See, e.g., Plaintiff's *Disclosure Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure*.)


32.   All documents evidencing or relating to your entering into a covenant not to compete or any agreement restricting your ability to earn income from 1995 to the present.

    RESPONSE:       Not applicable.


33.   All documents evidencing or relating to your purchase (individually or jointly) of a business of any kind from 1995 to the present.

    RESPONSE:       OBJECTION on the grounds that this request does not comply with Rule 34 of the Federal Rules of Civil Procedure in that it does not describe, with reasonable particularity, the documents sought to be obtained.


34.   All documents evidencing or relating to your selling of a business in which you had an ownership interest of at least 10% from 1995 to the present.

    RESPONSE:       Not applicable.


35.   All documents that you intend to use as exhibits at the deposition of Insurance Company personnel other than the claim file and the Policy.

RESPONSE:        OBJECTION on the grounds that this request seeks information protected by the work product doctrine. Notwithstanding this objection and specifically reserving the same, the Plaintiff states that such has not yet been determined. However, the Plaintiff reserves the right to use any document produced to either or both Defendants or any document in the possession of either or both Defendants.

36.    All documents evidencing or relating to ownership, possession, or use by you of a credit card, including but not limited to, monthly credit card billing statements from January 1, 1997 to the present.

RESPONSE:        OBJECTION on the grounds that this request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, such request is overly broad and unduly burdensome. Notwithstanding these objections and specifically reserving the same, the Plaintiff will produce his current statements.

37.    All documents evidencing or relating to ownership, possession, or use by you of a bank debit card, including but not limited to, monthly bank debit card billing statements from January 1, 1997 to the present.

RESPONSE:        OBJECTION on the grounds that this request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, such request is overly broad and unduly burdensome.

THE PLAINTIFF
CARL AUGSBERGER


BY:    _____
THOMAS A. KENEFICK, III, ESQ.
BBO #267620
73 Chestnut Street
Springfield, MA 01103
(413) 734-7000 - telephone
(413) 731-1302 - facsimile


Date: December 2, 2005.

## Certificate of Service

I, Thomas A. Kenefick, III, do hereby certify that on December 2, 2005, the foregoing was served on the Defendants by Fax and ~~by U.S. First Class Mail,~~ postage ~~pre-paid,~~ to:

Kristina H. Allaire, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
BY FAX (508) 791-8502

THOMAS A. KENEFICK, III

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CARL AUGSBERGER,                    )
            Plaintiff        )
                                 )
v.                                  )     CIVIL ACTION NO. 05CV30047-MAP
                                 )
UNUM PROVIDENT CORPORATION          )
AND NEW YORK LIFE INSURANCE         )
COMPANY,                            )
            Defendants.      )

### PLAINTIFF'S ANSWERS TO DEFENDANTS' INTERROGATORIES

1.     State the name, address, and telephone number of persons known to you who have knowledge of facts relevant to the claims and defenses of all parties in this lawsuit, and state briefly what you anticipate their testimony to be and how it relates to the parties' claims and defenses in this lawsuit.

      ANSWER:   See *Disclosure Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.*

2.     State the name, address, and telephone number of each expert who you may call as an expert witness; state the subject matter on which the witness is expected to testify; state the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

      ANSWER:   At this time, my counsel has not chosen an expert. If and when such is selected, I will supplement this interrogatory answer.

3.     Identify each disability insurance policy you have ever applied for, including the date of application and/or reapplication, identity of the insurer, policy number (if a policy was issued), the disability benefit amount (monthly or lump sum), and whether the coverage was issued, and, if so, is it still in force.

      ANSWER:   Other than the one at issue in the Complaint, I have a policy currently in force through my employment with Top Truck Services. I will supplement this answer.

4.   Identify each type of disability benefit you have applied for through workers' compensation, a state disability program, or a federal disability program (i.e., Social Security), including the date of application, the name of the entity paying the benefit and the periodic benefit amounts.

ANSWER:   None.

5.   List the damages you are alleging in your Complaint, the amount of money you are requesting to be awarded for each of those damages, and describe the methods by which you calculated the damages.

ANSWER:   See Section "C" from Plaintiff's *Disclosure Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.*

6.   If you allege that Unum Provident Corporation has acted in bad faith, fraudulently, unfairly, or deceptively, please identify by name and date of communication or conduct, all individuals whom you believe to be representatives of UnumProvident and their communication and/or specific conduct which you believe constituted bad faith or a fraudulent, unfair or deceptive act.

ANSWER:   See *Demand Letter*, attached hereto as Exhibit "A".

7.   If you allege that New York Life Insurance Company has acted in bad faith, fraudulently, unfairly, or deceptively, please identify by name and date of communication or conduct, all individuals whom you believe to be representatives of New York Life and their communication and/or specific conduct which you believe constituted bad faith or a fraudulent, unfair or deceptive act.

ANSWER:   See *Demand Letter*, attached hereto as Exhibit "B".

8.   Identify any work that you have done for remuneration since the first day of your disability, including in your identification the type of work performed, the amount and frequency of remuneration received, the name and address of the entity or individual paying you for your work, and the dates that you worked.

ANSWER:   From September 21, 1998 through the present, I have worked for Top Truck Services. I perform the duties involved with the following: treasurer, customer service, sales, office administration.

9.      Please identify all medical or health insurance policies that have provided
coverage for you since January 1, 1995, including in your identification the name and
address of each insurer, the policy number, whether the insurance was an individual
policy or group, to whom the policy was issued, and the dates you were covered by
such policy.

        ANSWER:    OBJECTION on the grounds that this interrogatory seeks
information that is not relevant and not reasonably calculated to lead to the discovery of
admissible evidence.  Notwithstanding this objection and specifically reserving the
same, the Plaintiff answers as follows:

        I received health insurance coverage through November 1998, through my
employment with Penske.  At present, (and since the end of 1998), I have coverage
through Health New England, policy number 1139400001.  This is a group policy to Top
Truck Services.

10.     Please identify any and all medications prescribed to you by any health care
professionals since January 1, 1995, and including in your identification the injury,
illness and/or disease for which the medication was prescribed, the dosage of each
such medication, the periods for which you took such medication, and the health care
professional that prescribed such medication.

        ANSWER:    OBJECTION on the grounds that this interrogatory is overly broad
and unduly burdensome.  Notwithstanding this objection and specifically reserving the
same, the Plaintiff answers as follows:

        All the medications I was prescribed were prescribed by Dr. Schmidt.  These
include: Wellbutrin (300 mg 1 x day); Buspar (10 mg 3 x day); Altace (10 mg 1 x day);
Prilosec (20 mg 1 x day); Lipitor (80 mg 1 x day); Immodium (2 mg 4 x day); Viagra
(100 mg as needed).

11.     Please identify any and all hospitals, pharmacies or other locations where your
prescriptions have been filled since January 1, 1995, including as part of your
identification the name and address of each entity, which filled the prescription, the date
each prescription was filled, and an identification of the prescription.

        ANSWER:    OBJECTION on the grounds that this interrogatory is overly broad
and unduly burdensome.  Moreover, the interrogatory seeks information that is not
relevant and not reasonably calculated to lead to the discovery of admissible evidence.
Notwithstanding these objections and specifically reserving the same, the Plaintiff
states as follows:

        Brooks Pharmacy, Westfield Street, West Springfield, Massachusetts, filled the

prescriptions.

12.    Please identify each health care provider, including but not limited to hospitals, physicians, which have treated you from January 1, 1995 through the present, including as part of your identification the name and address of each such health care provider, the nature of the ailment or illness for which you were treated, the date of each such treatment, the location of each such treatment, and the description of the treatment provided.

ANSWER:    OBJECTION on the grounds that the Defendants already have (or will have) the requested information through their own requests with the Plaintiff's authorization of the particular health care providers.

13.    Please identify each mental health care provider, including but not limited to all mental health practitioners, which have ever treated you, including as part of your identification the name and address of each such mental health care provider, the nature of the ailment or illness for which you were treated, the date of each such treatment, the location of each such treatment, and the description of the treatment provided.

ANSWER:    See Objection set forth in Number 12, supra.

14.    Please state whether you are claiming total or residual disability and if both state the period of time that you claim to be totally disabled and the period of time that you claim to be residually disabled.

ANSWER:    I am claiming residual disability benefits, waiver of premium and cost of living.

15.    Please identify all credit or bank debit cards owned, possessed or used by you from January 1, 1997 to the present. Please include as part of your answer the name of the bank issuing the card, the account number, expiration date and name on the card.

ANSWER:    OBJECTION on the grounds that this Interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the Interrogatory is overly broad and unduly burdensome. Notwithstanding these objections and specifically reserving the same, the Plaintiff states as follows:

I had an American Express, Visa, MasterCard and Discovery card for which,

after or during 1997-1998, approximately $40,000 to $50,000 worth of debt was written off. I no longer have the statements.

Currently, I have a Providian Card (# xxxx xxxx xxxx 7764); a Capital One card (#xxxx xxxx xxxx 7364); and another Capital One card (#xxxx xxxx xxxx 9669). I will supplement this answer.

16.     Please identify each vacation and/or trip you have taken either for business or pleasure from January 1, 1995 through the present. Please include as part of your answer the destination, length and the purpose of the trip, as well as the method by which you traveled, i.e., air, train, car, etc.

ANSWER:     OBJECTION on the grounds that this Interrogatory seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding this objection and specifically reserving the same, the Plaintiff states as follows:

Prior to 1997, I traveled to Florida two or three times to visit my grandfather. Otherwise, a frequently traveled on business-related trips. I also went on one cruise out of Florida. Since Penske, I have taken occasional car trips to see friends, including weekend visits every year to Niantic, CT. I also spent one night in Uncasville, CT in April and one night in July, 2005.

SIGNED UNDER THE PENALTIES OF PERJURY, THIS ___ DAY
OF DECEMBER, 2005.

_____
CARL AUGSBERGER

THE PLAINTIFF
CARL AUGSBERGER

BY:

THOMAS A. KENEFICK, III, ESQ.
BBO #267620
73 Chestnut Street
Springfield, MA 01103
(413) 734-7000 - telephone
(413) 731-1302 - facsimile

Date: December 2, 2005.

### Certificate of Service

I, Thomas A. Kenefick, III, do hereby certify that on December _2_, 2005, the foregoing was served on the Defendants by Fax and by U.S. First Class Mail, postage pre-paid, to:

Kristina H. Allaire, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
BY FAX (508) 791-8502

THOMAS A. KENEFICK, III

# EXHIBIT B

**NEW YORK LIFE INSURANCE COMPANY**
CLAIMS DEPARTMENT
51 MADISON AVE., NEW YORK, N.Y. 10010

FORM NO. 1

## INSURED'S APPLICATION FOR DISABILITY BENEFITS

1. NAME OF INSURED    *Carl A. Augsberger, Sr.*
                      (PLEASE PRINT)

2. DATE OF BIRTH  *5-25-53*        PLACE OF BIRTH  *Springfield, MA*

3. POLICY NUMBER(S)    *44 302 019*

4. (A) RESIDENCE  *155 Ohio Ave. W. Spfld. MA 01089*
                  (NUMBER, STREET, CITY, STATE AND ZIP CODE)

   (B) WHERE CAN YOU BE CALLED IN PERSON NOW?  *413-734-2141*

   (C) OTHER ADDRESSES AT WHICH YOU RESIDED AFTER BECOMING TOTALLY DISABLED  *none*

5. (A) OCCUPATION AND DUTIES  *Executive Account Manager*

   (B) NAME OF EMPLOYER  *Penske Truck Leasing Co., Inc.*

   (C) ADDRESS OF EMPLOYER  *Rt 10 Green Hills, P.O. Box 563, Reading PA 1966*

6. FROM WHAT DATE DO YOU CLAIM THAT TOTAL DISABILITY HAS PREVENTED YOU FROM PERFORMING ANY WORK OR ENGAGING IN
   ANY OCCUPATION FOR REMUNERATION OR PROFIT?  *4-97*
                                               (MONTH)      (DAY)      (YEAR)

7. (A) ARE YOU NOW TOTALLY DISABLED AND PREVENTED FROM ENGAGING IN ANY OCCUPATION FOR REMUNERATION OR PROFIT?
       *Yes*

   (B) IF STILL TOTALLY DISABLED WHEN DO YOU EXPECT TO BE ABLE TO RETURN TO WORK?  *unknown*

   (C) IF NOT NOW TOTALLY DISABLED, ON WHAT DATE DID TOTAL DISABILITY TERMINATE?

8. (A) NATURE OF SICKNESS OR INJURY  *See Form 2, #1*

   (B) IF SICKNESS, WHEN DID SYMPTOMS FIRST APPEAR?  *3-97*

   (C) IF INJURY, DESCRIBE WHEN, WHERE AND HOW ACCIDENT HAPPENED?

9. NAME AND ADDRESSES OF FIRST PHYSICIAN CONSULTED AND OTHER PHYSICIANS SEEN INCLUDING YOUR PRESENT ATTENDING PHYSICIAN.
   *Dr. Kevin Schmidt  300 Stafford St. Spfld. MA 01104*
   (NAME)                (ADDRESS)
                                    Suite L  TREATED FROM  *3/97*  to  *present*
   *Mark R. Elin, Ph.D. 1200 Converse St., Longmeadow, MA 01106*
   (NAME)                (ADDRESS)              (TREATED FROM          TO          )

                         (NAME)                (ADDRESS)              (TREATED FROM          TO          )

10. IF YOU ARE RECEIVING BENEFITS SUCH AS SOCIAL SECURITY, PLEASE ATTACH THE ORIGINAL OR PHOTOCOPY OF AWARD
    NOTICE. IF THE ORIGINAL IS SENT IN IT WILL BE PROMPTLY RETURNED TO YOU.

11. I HEREBY AUTHORIZE AND REQUEST ANY PERSON TO WHOM THIS STATEMENT IS PRESENTED TO FURNISH NEW YORK LIFE INSURANCE
    COMPANY WITH ANY INFORMATION AND COPIES OF RECORDS CONCERNING ME OR MY HEALTH. ANY PRIVILEGE WHICH MIGHT
    HEREAFTER PREVENT SUCH DISCLOSURE IS WAIVED. A PHOTOCOPY OF THIS AUTHORIZATION SHALL BE AS VALID AS THE ORIGINAL.

DATE  *10/22/97*              INSURED'S SIGNATURE

                             SIGNATURE
                                        (PARENT'S SIGNATURE IF INSURED IS A MINOR)

**PLEASE USE THE REVERSE SIDE IF YOU WISH TO AMPLIFY YOUR ANSWERS**
PLEASE NOTE: ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSONS FILES A STATE-
MENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS ANY FACT, MATERIAL THERETO, COMMITS A FRAUDULENT
INSURANCE ACT, WHICH IS A CRIME, SUBJECT TO CRIMINAL PROSECUTION AND CIVIL PENALTIES.
3481 9/93

NYLCL00487

☑ NEW YORK LIFE INSURANCE COMPANY      ☐ NEW YORK LIFE INSURANCE AND ANNUITY CORP.
51 MADISON AVENUE, NEW YORK, N.Y. 10010                    (A Delaware Corp.)

FORM NO. 2

## ATTENDING PHYSICIAN STATEMENT OF DISABILITY

THE POLICYHOLDER IS RESPONSIBLE FOR THE COMPLETION OF THIS FORM WITHOUT EXPENSE TO THE COMPANY. PLEASE ANSWER EACH QUESTION.

NAME  *Carl A. Augsberger, Sr.*          POLICY NUMBER  *H3 192623*

PRESENT ADDRESS   NO.   STREET   CITY   STATE    DATE OF BIRTH  *3-25-53*
*155 Ohio Ave., West Spfld., MA 01089*

1. DIAGNOSIS  *Panic Disorder, Depression, & adjustment disorder with Mixed Emotional Anxiety & Depressed Mood.*

2. HISTORY
   (A) WHEN DID SYMPTOMS FIRST APPEAR OR ACCIDENT HAPPEN?
   (B) DATE PATIENT CEASED WORK BECAUSE OF DISABILITY?
   (C) HAS PATIENT EVER HAD SAME OR SIMILAR CONDITION  *NO*
      IF "YES", PLEASE STATE WHEN AND DESCRIBE
   (D) NAME & ADDRESS OF REFERRING PHYSICIAN

   MO. ____ DAY ____ YR. ____
   MO. ____ DAY ____ YR. ____
   YES ☐  NO ☐
   NAME _____
   ADDRESS _____
   PHONE _____

3. PRESENT CONDITION
   (A) SUBJECTIVE SYMPTOMS
   (B) OBJECTIVE FINDINGS
      INCLUDE RESULTS OF CURRENT X-RAYS, E.K.G.S OR ANY OTHER SPECIAL TESTS.
   (C) SHOW WHETHER PATIENT IS

   (A)
   (B)

   AMBULATORY ☑   BED CONFINED ☐   HOUSE CONFINED ☐   HOSPITAL CONFINED ☐

4. TREATMENT
   (A) DATE OF FIRST VISIT  *3/25/92*
   (B) DATE OF LATEST VISIT  *10/09/97*
   (C) FREQUENCY OF VISITS  *5 4-6 weeks*
   (D) IS PATIENT STILL UNDER YOUR CARE  *Yes*
   (E) WAS THE PATIENT DISABLED WHILE UNDER YOUR CARE ....  *Yes*
   (F) IF NOT CURRENTLY UNDER YOUR CARE PLEASE GIVE NAME & ADDRESS OF CURRENT PHYSICIAN

   MO. ____ DAY ____ YR. ____
   MO. ____ DAY ____ YR. ____
   WEEKLY ☐  MONTHLY ☐  OTHER ____
   YES ☐  NO ☐
   YES ☐  NO ☐

5. PROGRESS       RECOVERED ☐   IMPROVED ☐   UNIMPROVED ☐   RETROGRESSED ☐

6. EXTENT OF DISABILITY
   (A) IS PATIENT NOW TOTALLY DISABLED (UNABLE TO DO ANY GAINFUL WORK)  *Yes*
   (B) IF "NO" WHEN WAS PATIENT ABLE TO RESUME GAINFUL WORK
   (C) IF "YES" WHEN DO YOU THINK PATIENT WILL BE ABLE TO RESUME SUCH WORK

   YES ☐  NO ☐
   MO. ____ DAY ____ YR. ____
   APPROXIMATE DATE MO. ____ YR. ____
   INDEFINITE ☐
   NEVER ☐

7. IF THE DISABILITY INVOLVES A MENTAL CONDITION, IS THE INSURED COMPETENT TO ENDORSE CHECKS AND DIRECT THE USE OF PROCEEDS THEREOF

   YES ☑  NO ☐

DATE  *10/21/97*          SIGNED  *_____* M.D.
                          PHONE  *413 736-1569*
                          ADDRESS  *900 Stafford St Spfld Mass 01104*

PLEASE NOTE: ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSONS FILES A STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS ANY FACT, MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME, SUBJECT TO CRIMINAL PROSECUTION AND CIVIL PENALTIES.

NYLI.CL00488

*APS*
*"Life Waiver"*

# EXHIBIT C

*to change*
*the last yr*
*while he was*
*the National Acct.*
*Salesperson*

① New Supervisor
② more pressure / put on him / management / higher / objectives / personal reasons 4/11/97

4/11/97
*symptoms—*
*line 18 → 22*
*+ line 1 → 7*
*next page*

*Surgical Statement*

PAGE 1 OF 4
DATE: 12/3/97

NAME: Carl A. Augsberger, Sr.

ADDRESS: 155 Ohio Ave   W. Springfield, MA 01089

01 I am Carl Augsberger, DOB 5/25/53, SS# 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,
02 telephone 413-734-2141, current residence as noted above.
03 I was employed by Penske Truck Leasing Co, L.P.; Reading
04 PA from 1978 until going out on disability on 4/11/97. The
05 Company was originally Hertz, then Hertz Penske, then Penske
06 and although the name has stayed the same, the Company
07 was actually bought by G.E. Corp. After being taken
08 over by GE about 3 years ago, there started a
09 variety of corporate changes and this was especially true
10 over the last year when I was working as a National
11 Account Sales person and had a new Supervisor. The Supervisor,
12 Joseph Gallick is located at Corporate headquarters in
13 Reading, PA. I felt as though there was more pressure
14 put on me and more demands, such as unreasonable
15 objectives, and I was called down to Reading in March
16 1997 for a personal review. I was given a 60 day action
17 plan which was unrealistic and this contributed to the stress.
18 On 4/11/97, I had an appointment in the Boston area
19 to sign a contract with a big customer and while on the
20 Massachusetts Turnpike going to Boston, I "snapped". I
21 pulled over to the side of the road and had thoughts
22 about losing my job, not being able to meet company

NYLCL00422

*had made calls to Co's hot line prior to 4/4/97 very informative to a Phd.*

*Medications
Loperamide
Buspar
Levsinex
Zoloft*

PAGE 2 OF 4
DATE: 12/3/97

NAME: Carl A. Augsberger, Jr.

ADDRESS: 155 Ohio Ave   W. Springfield, MA 01089

01 demands, what could I tell my family, how would I
02 provide for the family, I was very depressed. I
03 went home (this was a Friday) and slept most of the
04 weekend. On Monday, there were many calls as to
05 where I had been on Friday, why I didn't make
06 the meeting, etc. These were fielded by my wife, I
07 could not deal with anything at that point. I had
08 been calling the company EAP hotline prior to this and
09 they subsequently referred me to a psychologist, Dr. Richard
10 Schwartz, rt 75, Agawam, MA. I believe I first
11 called Dr. Schwartz' office on 4/3/97 and first saw him on
12 4/14/97. I only saw him about 4 times. Since, I have
13 seen Dr. Mark Elin, Converse St. Longmeadow, MA. I was
14 referred to him by my primary care physician, Dr. Kevin
15 Schmidt, Stafford St. Springfield, MA. I see Dr. Elin once a
16 week for an hour. Dr. Schmidt prescribes my medication:
17 Loperamide 2 mg (as necessary), Buspar 10 mg, 1 tab 3 times
18 a day, Levsinex .375 mg. 1 caplet 2 times a day (as
19 necessary) and Zoloft 50 mg, 3 tablets per day. I see
20 Dr. Schmidt monthly. In terms of prior medical history,
21 I have had spastic colon problems off and on over
22 the years, controlled with diet and medication, primarily.

NYLCL00423

transed 90% of time
Identifying after Carl piente

PAGE 3 OF 4
DATE: 12/3/57

NAME: Carl A. Augsberger, Sr.

ADDRESS: 155 Ohio Ave   W. Springfield, MA 01085

01 I have not been hospitalized in the last 10 years.

02 I had food poisoning while at a company meeting

03 in February, 1997, was treated at the Emergency Room

04 at Scottsdale Memorial Hospital in Scottsdale, Az.

05 I also have had pneumonia several times, treated by

06 Dr. Schmidt. Prior to working for Hertz/Penske, I was

07 employed for about 5 years in sales and department manager

08 for a clothing store, Yale Genton, W. Springfield, MA.

09 My previous job with Penske, prior to National Account

10 Sales was District Manager (about 12 years). This job

11 involved overseeing operational locations, sales, office

12 administration and related duties. I had territories that

13 changed over the years but all in the Northeast. As

14 a National Account Sales person, I travelled about

15 90% of the time, spent no more than 1 day per week at

16 my office. Most of the travel was by car within the

17 Northeast, but I also had to fly to various parts of

18 the country, as necessary, for sales and meetings. I

19 am suffering symptoms of depression, lack of ambition,

20 I'm afraid and fearful of my future, I'm afraid to try

21 new things, have an inability to concentrate, can't finish

22 tasks once started and have tremendous fear and guilt.

NYLCL00424

PAGE 4 OF 4

DATE: 12/3/97

NAME: Carl A. Augsberger, Sr.

ADDRESS: 155 Ohio Ave   W. Springfield, MA 01089.

01 I have good days and bad days now. I avoid going
02 out on days when the weather is bad, don't socialize
03 except with a couple of close friends (lunch, etc), haven't
04 had any interest in playing golf, haven't had any interest
05 in ball games or hockey games I used to like to go to
06 before, just have no ambition in general. I am able
07 to drive, but only drive short distances, usually my wife
08 drives most of my time is spent at home sleeping,
09 watching TV or watching my granddaughter. I occasionally
10 help out around the house with chores, such as cooking.
11 I think in general my condition is somewhat stable,
12 with the variations regarding up and down days. I
13 have no idea at this point when I will be able to
14 return to gainful employment, or where future employment
15 may lie.
16 I have read this statement consisting of 3 pages plus
17 15 lines and by my signature I declare it to be true
18 and correct. I have been provided with a copy.
19
20
21 Janis Augsberger
22 witnessed by RD Ho

NYL.CL.00425

# EXHIBIT D

# TELEPHONE RECORD

DATE: _7/19/00_       TIME OF CALL: _2:45_

CALLER: _Janice Augsberger_   PARTY CALLED: _____
Voice mail: Yes ☐
No ☒                          _____

TELEPHONE: _413-788-6787_   BY: _AJ_
_/work #_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NAME OF INSURED: _Carl Augsberger_    POLICY # _____

CLAIM # _N 215898_

Summary of Discussion or message left/received:

She is calling on behalf of her husband. She wants to re open his claim & persue residual disabelity benefits. It has been a hard 2 years. They just now filed their 1998 tax returns.

Prior to TD in 4/97 he worked for Penske Trucking He was TD until 9/98 when they (she + her husband) started up their own business. He has been under the tx of a physician all this time & presently is & takes medication also.

She wants to sit down & talk to the person who will be handeling the claim & discuss exactly what she needs to submit to have claim reconsidered.

299 (298)

over

NYLCL00065

I explained claim has been closed for over 2yrs! She realizes this but explained things were just too overwhelming & so were my requests for info. They just could not deal with it then.

I advised NYL has gone into a reinsurance agreement c Paul Revere Insurance & we are very close to finalizing this transition. Closed claims are currently unavailable I asked her to put in writing that she wants to Re:open claim. Upon receipt some one will contact her after they are able to retreave the CLOSED claim

NYLCL00066

# EXHIBIT E

UNITED STATES
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARL AUGSBERGER, | ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 05CV30047-MAP |
| v. | ) ) | |
| UNUM PROVIDENT CORP., | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S DISCLOSURE PURSUANT TO RULE 26(a) of the FEDERAL
RULES OF CIVIL PROCEDURE**

**A.    NAME/ADDRESS/TELEPHONE OF INDIVIDUALS LIKELY TO HAVE
DISCOVERABLE INFORMATION**

1.    Carl Augsberger: 82 Maple Street, West Springfield, MA, 01089;
knowledge about his compliance with Defendant's and/or New York Life's
policies; his communications with Defendant and/or New York Life; his
underlying disability.

2.    Janis Augsberger: 82 Maple Street, West Springfield, MA, 01089;
knowledge about his compliance with Defendant's and/or New York Life's
policies; his communications with Defendant and/or New York Life; his
underlying condition and disability.

3.    Dr. Kevin Schmidt: 300 Stafford Street, Springfield, MA 01104; (413) 736-
1569 - telephone; knowledge about his communications with the
Defendant and/or New York Life on the Plaintiff's behalf; the Plaintiff's
underlying condition and disability.

4.  Dr. Mark Elin: 1200 Converse Street, Longmeadow, MA, 01106; (413) 567-9244.  Knowledge about his communications with the Defendant and/or New York Life on the Plaintiff's behalf; the Plaintiff's underlying condition and disability.

5.  Mr. Robert Murphy: Unum field representative; 18 Chestnut St., Worcester, MA 01608; 508-667-4175.  Knowledge about communications with the Defendant and/or New York Life; knowledge as to the Plaintiff's underlying condition and disability.

6.  Mr. John Allen (agent of Mr. Augsberger) New York Life

7.  Mr. Richard Green (agent of Mr. Augsberger) New York Life

8.  Anita L. Jennings, New York Life Director of Claims; knowledge as to communications between the Plaintiff and the Defendant and/or New York Life, between the Defendant and/or New York Life and other persons regarding the Plaintiff's condition and disability.

9.  Mr. Robert Trombley: IRS, 1550 Main Street, Springfield, MA 01103.  Knowledge about the Plaintiff's underlying condition and status of disability.

10.  Other Unum/New York Life representatives; knowledge as to communications between the Plaintiff and the Defendant and/or New York Life, between the Defendant and/or New York Life and other persons regarding the Plaintiff's condition and disability.

11.  Paul Revere Life Ins. Co. representatives; New York Life Customer Care Center; P.O. Box 15001; Worcester, MA 01615-9905; (800) 633-7506.

Knowledge as to communications between the Plaintiff and the Defendant and/or New York Life, between the Defendant and/or New York Life and other persons regarding the Plaintiff's condition and disability.

12.    Kay Roberts: (888) 226-7959 x 6023.

13.    Andrew Pignatare: 1089 Elm Street, W. Spfld., MA; (413) 746-9465; accountant for the Plaintiff.  Knowledge as to the Plaintiff's disability status.

**B.    COPY/DESCRIPTION OF DOCUMENTS, DATA AND THINGS**

1.    Communications/correspondence/documents between the Plaintiff and the Defendant and/or New York Life.

2.    Documentation of payments made to the Plaintiff.

3.    New York Life Disability Income Policy.

4.    Copy of Plaintiff's income tax returns for applicable years.  (Available at Plaintiff's attorney's office.

**C.    COMPUTATION OF DAMAGES**

The following is a preliminary analysis of the damages which is subject to change:

Total disability benefits were from April 14, 1997 through June, 2000.  Thus, the Plaintiff claims that he is owed the residual disability benefit, at least, for the period following June, 2000:

| Time Period | disability (incldg. 5% cost of living) | Annual dis. | Annual net inc. | Residual due: |
|---|---|---|---|---|
| 7/01-12/01 | $6,077 per month | 36,462 | 12,122 | $24,340 |
| 1/02-12/02 | $6,381 per month | 76,572 | 24,256 | $52,316 |
| 1/03-12/03 | $6,700 per month | 80,400 | 26,206 | $54,194 |
| 1/04-12/04 | $7,035 per month | 84,420 | 26,859 | $57,561 |
| 1/05-6/05 | $7,387 per month | 44,322 | 13,429 | $30,893 |
| TOTAL | | | | **$219,304.00** |

In addition to the disability benefits, the Plaintiff had "waiver of premium" coverage. Therefore, he claims he is due the amount he paid in insurance premiums for policies numbered 46797049, 44302019, H3192626. Our calculations indicate that the amount due for premiums paid may exceed **$41,043**.

**D.    COPY OF INSURANCE AGREEMENT**

Not applicable.

THE PLAINTIFF
CARL AUGSBERGER

BY:    _____

THOMAS A. KENEFICK, III, ESQ.
BBO #267620
73 Chestnut Street
Springfield, MA 01103
(413) 734-7000 - telephone
(413) 731-1302 - facsimile

Date: August 5, 2005.

## Certificate of Service

I, Thomas A. Kenefick, III do hereby certify that on August 5, 2005, the foregoing was served on the Defendant by Fed Ex to: or US mail

Joseph M. Hamilton, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA 01608-1477

THOMAS A. KENEFICK, III