UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARL AUGSBERGER,<br>    Plaintiff<br><br>V.<br><br>UNUM PROVIDENT CORP and<br>NEW YORK LIFE INSURANCE<br>COMPANY,<br>    Defendants | CIVIL ACTION NO. 05CV30047-MAP |

### DEFENDANTS MOTION TO MODIFY SCHEDULING ORDER

The defendants to this action request that the time within which to complete non-expert depositions be extended from March 31, 2006 to June 30, 2006, and that the deadline for defendants to designate and disclose information regarding its trial experts also be extended by 30 days from May 1, 2006 to June 1, 2006.

As grounds for this motion the defendants state as follows:

1. Defendants served written discovery requests to the plaintiff, Carl Augsberger, on September 14, 2005. Mr. Augsberger failed to respond. Based on representations by his counsel that although received by their office neither attorney on the case had ever seen defendants' requests, the time to respond was extended until November 28, 2005. Mr. Augsberger finally responded on December 2, 2005, however, his responses were wholly inadequate. On December 22, 2005, defendants wrote a detailed letter explaining all of the deficiencies with the responses and requesting supplementation by January 2, 2006. To date, Mr. Augsberger has not responded to this letter, supplemented his answers and responses or even provided a signed copy of his answers to interrogatories. As a result, defendants have filed a motion to compel.

2.	This is a disability case, and as such Mr. Augsberger's medical records are critical to the preparation of this case for trial. Records have been requested from all of Mr. Augsberger's medical providers and insurance carrier, Health New England ("HNE"). HNE and one of Mr. Augsberger's medical providers, Valley Medical Associates ("VMA") requested a signed authorization by Mr. Augsberger on their particular form or a court order before HNE will release any records. Both authorizations have been sent to Mr. Augsberger, but have yet to be signed and returned. As such, defendants have now moved for Court orders to get these records.

3.	Until all of the relevant information can be obtained defendants are unable to take Mr. Augsberger's deposition. Depending upon the medical information obtained, a Rule 35 examination may also be necessary.

4.	This extension should allow defendants sufficient time to gather the remaining medical documentation, for the Court to rule on defendants' motion to compel the production of relevant documents and answers to interrogatories that Mr. Augsberger has refused or failed to provide, and complete Mr. Augsberger's deposition.

WHEREFORE, the defendants request an extension until June 30, 2006 to complete non-expert depositions, and June 1, 2006 to disclose trial experts.

UNUMPROVIDENT CORPORATION and NEW YORK LIFE INSURANCE COMPANY

By their attorneys,

/s/ Kristina H. Allaire
Joseph M. Hamilton
BBO #546394
Kristina H. Allaire
BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: March 31, 2006

## 7.1 CERTIFICATION

I certify that on March 16, 2006, I attempted to reach Attorney Thomas A. Kenefick, III, Esq. and/or Mary Patryn via letter and asked that they contact me so that we could attempt to resolve it or narrow the issues.  Neither attorney responded.

/s/ Kristina H. Allaire
Kristina H. Allaire

### CERTIFICATE OF SERVICE

I hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 31, 2006.

/s/ Kristina H. Allaire
Kristina H. Allaire
