UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARL AUGSBERGER,<br>    Plaintiff<br><br>V.<br><br>UNUM PROVIDENT CORP and<br>NEW YORK LIFE INSURANCE<br>COMPANY,<br>    Defendants | CIVIL ACTION NO. 05CV30047-MAP |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

NATURE AND STATUS OF PROCEEDINGS

The defendants have moved pursuant to Fed. R. Civ. P. 37(b) to dismiss the plaintiff's Complaint for failure to comply with this court's Order dated April 11, 2006 compelling plaintiff to produce documents and provide supplemental responses to defendants interrogatories and request for production of documents.

The plaintiff, Carl Augsberger, seeks to recover benefits pursuant to a disability policy issued by the defendant, New York Life Insurance Company ("New York Life").

On September 14, 2005, defendants served Mr. Augsberger with their First Set of Interrogatories and Requests for Production of Documents. Mr. Augsberger failed to timely respond. Based on representations by Mr. Augsberger's counsel that although their office received defendants' requests for production and interrogatories, neither attorney assigned to the case had seen them, defendants agreed to extend the deadline for responding until November 28, 2005. Again, Mr. Augsberger failed to respond. On November 30, 20005, defendants sent

Mr. Augsberger a letter notifying him that if responses were not received by Friday, December 2, 2005, defendants would file a motion to compel.

Finally, on December 2, 2005, in a cursory effort to avoid the filing of a motion to compel, Mr. Augsberger faxed to the defendants unsigned answers to interrogatories and responses to requests for production of documents. Mr. Augsberger's responses and answers were wholly inadequate. In response to 37 document requests, Mr. Augsberger did not produce a single document. On December 28, 2005, Mr. Augsberger produced documents responsive to four of defendants' requests. Mr. Augsberger has never provided a signed copy of his answers to interrogatories nor an original copy of his responses to requests for production of documents.

On December 22, 2005, defendants sent Mr. Augsberger a detailed letter explaining the deficiencies in his responses and answers and requesting supplementation by January 2, 2006 and a Rule 7.1 discovery conference. Two months later, Mr. Augsberger had neither produced a supplemental response to defendants' discovery requests nor responded to defendants December 22nd letter.

As a result, on March 6, 2006, defendants moved this Court for an order compelling Mr. Augsberger to comply with his discovery obligations. Defendants requested that Mr. Augsberger produce documents and supplement his answers to interrogatories and responses to the request for production of documents. Mr. Augsberger filed no response to the motion. Having received no opposition from Mr. Augsberger, this Court allowed defendants' motion on April 11, 2006. (A copy of the Order is attached as Exhibit A). Accordingly, Mr. Augsberger was to produce the required documents and supplemental answers and responses no later than April 17, 2006. The defendants agreed to extend that time until May 1, 2006 (Exhibit B). Mr. Augsberger did not comply. Having received nothing, defendants wrote to Mr. Augsberger on

May 8, 2006 and informed him of their intent to move to dismiss. (Exhibit C). On May 9, 2006, Mr. Augsberger requested an additional 10 days to comply (Exhibit D). Defendants again granted Mr. Augsberger's request. (Exhibit E). As such, Mr. Augsberger's supplemental answers were due on May 19, 2006. To date no additional documents or supplemental answers to defendants' discovery requests have been received.

ARGUMENT

This court has the power to sanction a party who repeatedly fails to comply with court-imposed deadlines, including dismissal. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005); citing Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "To be sure, dismissal orders typically are measures of last resort, reserved for extreme cases. But [ ] a party's disregard of a court order is a paradigmatic example of extreme misconduct." Torres-Vargas, 431 F.3d at 393; see also Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). "Using dismissal as a sanction in such a case recognizes the court's strong interest in maintaining discipline and husbanding scarce judicial resources; after all, such a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example." Torres-Vargas, 431 F.3d at 393 citing Nat'l Hockey League, 427 U.S. at 643. It is settled law that a party flouts a court order at his peril. Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998).

The court must consider the chronology of the case and the totality of the attendant circumstances. Young, 330 F.3d at 81. "In that process, the court must construct a balance of the relevant factors, including (but not limited to) the trial court's need to manage its docket, the potential prejudice to the parties, and the policy of the law favoring disposition on the merits." Id. Given Mr. Augsberger's record of dilatory responses, his noncompliance with an

unambiguous court order, this court is justified in deciding to dismiss the action with prejudice. Torres-Vargas, 431 F.3d at 393.

The defendants have waited over six months for adequate responses to discovery and have granted every request by Mr. Augsberger for an extension. Each time Mr. Augsberger has simply not responded until defendants have threatened court action. Now Mr. Augsberger has failed to respond to a direct order from this court.

Mr. Augsberger's failure to fully participate in discovery and his disregard for this court's order compelling him to do so has prejudiced the defendants. The defendants have been unable to take Mr. Augsberger's deposition or proceed with the additional discovery that will inevitably result from Mr. Augsberger's supplemental responses. Rather than meet his obligations, Mr. Augsberger has chosen to flout both the discovery rules and this court's authority and such conduct should not be allowed. Further, by his inaction, Mr. Augsberger has effectively precluded defendants from conducting full and complete discovery, thereby denying them the ability to fully and properly defend this action.

Each and every piece of information this court ordered Mr. Augsberger to produce is relevant to this action and likely to lead to the discovery of admissible evidence. In fact, this information is a necessary and indispensable precursor to the defendants' ability to discover such admissible evidence. Yet, Mr. Augsberger's conduct has denied defendants of the right to obtain that evidence, as afforded them by both the rules of civil procedure and this court's Order. Mr. Augsberger has provided absolutely no basis to excuse his conduct or justify the excessive delay in responding to the valid discovery requests and now the court Order. In fact, Mr. Augsberger failed to file <u>any</u> opposition to defendants' motion to compel. Accordingly, pursuant to Fed. R.

Civ. P. 37(b), defendants hereby request that this action be dismissed, in its entirety, with prejudice.

## ATTORNEY'S FEES

Pursuant to Fed. R. Civ. P. 37(a)(4)(A) and (b)(2), the defendants request that this court also award it attorney's fees incurred by the defendants with respect to this motion, and the defendants' motion to compel. The defendants are prepared to provide the court with detailed time records in order to allow the court render a specific award.

## CONCLUSION

For each of the foregoing reasons, the defendants' motion should be allowed.

UNUMPROVIDENT CORPORATION and
NEW YORK LIFE INSURANCE
COMPANY

By their attorneys,

/s/  Kristina H. Allaire
Joseph M. Hamilton
BBO #546394
Kristina H. Allaire
BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Dated:  May 24, 2006                Fax:     (508) 791-8502

## CERTIFICATE OF SERVICE

I hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 24, 2006.

/s/  Kristina H. Allaire
Kristina H. Allaire

Hamilton, Joseph M.

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Tuesday, April 11, 2006 1:07 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 3:05-cv-30047-MAP Augsberger v. UnumProvident Corp. "Order on Motion to Compel"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## United States District Court

## District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Neiman, Kenneth entered on 4/11/2006 at 1:07 PM EDT and filed on 4/11/2006
**Case Name:** Augsberger v. UnumProvident Corp.
**Case Number:** 3:05-cv-30047
**Filer:**
**Document Number:**

**Docket Text:**
Judge Kenneth P. Neiman : Electronic ORDER entered granting without timely opposition [21] Defendants' Motion to Compel: Plaintiff shall produce documents and further respond to discovery by April 17, 2006; and granting without timely opposition [23] Defendants' Motion for Order to Produce Medical Records: Defendants shall forthwith provide proposed order(s) to the court. (Neiman, Kenneth)

The following document(s) are associated with this transaction:

**3:05-cv-30047 Notice will be electronically mailed to:**

Kristina H. Allaire    khallaire@modl.com, jcolbert@modl.com

Joseph M. Hamilton    JMHamilton@mirickoconnell.com

Thomas A. Kenefick , III    tak3@att.net

**3:05-cv-30047 Notice will not be electronically mailed to:**

4/11/2006

# MIRICK O'CONNELL
## ATTORNEYS AT LAW
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

April 18, 2006

Thomas A. Kenefick, III, Esq.
73 Chestnut Street
Springfield, MA 01103

    Re: Carl Augsberger v. UnumProvident Corporation
        Civil Action No. 05CV30047-MAP

Dear Tom:

    Confirming our discussion at the status conference last week, while the court has ordered Mr. Augsberger to comply with our motion to compel by April 17, 2006, I have agreed to extend the time to the end of April. I look forward to receiving the supplemental responses, including all of the responsive documents and signed answers to interrogatories, by May 1, 2006.

                          Very truly yours,

                          Joseph M. Hamilton

JMH/kjg

cc:     Kristina H. Allaire, Esq.



WESTBOROUGH, MA
508-898-1501 • FAX 508-898-1502

100 FRONT STREET
WORCESTER, MA 01608-1477
508-791-8500 • FAX 508-791-8502

BOSTON, MA
617-261-2417 • FAX 617-261-2418

{H:\PA\Lit\16310\00069\A0909307.DOC}

www.MirickOConnell.com

# MIRICK O'CONNELL
### ATTORNEYS AT LAW
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

May 8, 2006

Thomas A. Kenefick, III, Esq.
73 Chestnut Street
Springfield, MA 01103

    Re:  Carl Augsberger v. UnumProvident Corporation
          Civil Action No. 05CV30047-MAP

Dear Tom:

    We have still not received Mr. Augsberger's supplemental responses to my clients' discovery requests. My clients' motion to compel was granted by the court on April 11, 2006 and required Mr. Augsberger's further responses to be provided by April 17. At the status conference last month, I agreed to give Mr. Augsberger until the end of April to produce his supplemental responses. I confirmed our discussion in my letter dated April 18.

    Given Mr. Augsberger's failure to provide the supplemental responses, my clients intend to file a motion to dismiss. Therefore, pursuant to Local Rule 37.1, as a precursor to filing that motion, I am requesting a discovery conference regarding this issue. Please contact me within seven days of this request. If I do not hear from you, we will file the motion with the court.

                                  Very truly yours,

                                    Joseph M. Hamilton

JMH/kjg

cc:    Kristina H. Allaire, Esq.



WESTBOROUGH, MA
508-898-1501 • FAX 508-898-1502

100 FRONT STREET
WORCESTER, MA 01608-1477
508-791-8500 • FAX 508-791-8502

BOSTON, MA
617-261-2417 • FAX 617-261-2418

www.MirickOConnell.com

{H:\PA\Lit\I6310\00069\A0916634.DOC}

**THOMAS A. KENEFICK, III, P.C.**
ATTORNEY AT LAW
73 CHESTNUT STREET
SPRINGFIELD, MA 01103
E-MAIL: tak3@att.net
TELEPHONE (413) 734-7000 • FAX (413) 731-1302

JOYCE L. KORONA
Paralegal
ELAINE M. O'DONNELL
Paralegal

MARY H. PATRYN, ESQ.
Of Counsel

May 9, 2006

Joseph M. Hamilton, Esq.
Kristina H. Allaire, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA 01608

RE: Carl Augsberger v. UnumProvident Corporation
C.A. No. 05CV 30047-MAP

Dear Mr. Hamilton and Ms. Allaire:

We are in the process of preparing the supplementation of the Responses to the Request for Production of Documents and Answers to Interrogatories. I will need an extra ten days in which to do so. May I have your assent?

Thank you for your cooperation in this matter.

Sincerely,

Thomas A. Kenefick, III

TAK:eod
cc: C. Augsberger

**MIRICK O'CONNELL**
ATTORNEYS AT LAW
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP

May 10, 2006

Thomas A. Kenefick, III, Esq.
73 Chestnut Street
Springfield, MA 01103

Re: Carl Augsberger v. UnumProvident Corporation
Civil Action No. 05CV30047-MAP

Dear Tom:

I received your letter dated May 9, 2006 requesting an additional ten days to supplement Mr. Augsberger's responses to the discovery as ordered by the court. We will consent to the additional ten days. As such, I expect to receive Mr. Augsberger's supplemental responses by Friday, May 19, 2006. If I do not receive them by that date, I will be required to file the motion for dismissal.

Very truly yours,

Joseph M. Hamilton

JMH/kjg

cc: Kristina H. Allaire, Esq.



90 YEARS
1916-2006

WESTBOROUGH, MA
508-898-1501 • FAX 508-898-1502

100 FRONT STREET
WORCESTER, MA 01608-1477
508-791-8500 • FAX 508-791-8502

BOSTON, MA
617-261-2417 • FAX 617-261-2418

{H:\PA\Lit\16310\00069\A0917281.DOC}

www.MirickOConnell.com